1  CHET A. KRONENBERG (SBN: 222335)
   ckronenberg@stblaw.com
2  DYLAN MEIER (SBN: 334939)
   dylan.meier@stblaw.com
3  SIMPSON THACHER & BARTLETT LLP
   1999 Avenue of the Stars, 29th Floor
4  Los Angeles, California 90067
   Telephone: (310) 407-7500
5  Facsimile: (310) 407-7502

6  *Attorneys for Defendants The Charter Oak*
   *Fire Insurance Company, Travelers Indemnity*
7  *Company of America, Travelers Indemnity*
   *Company of Connecticut, and Travelers*
8  *Property Casualty Company of America*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC SHORE STONES, LLC; PACIFIC SHORE STONES BAKERSFIELD, LLC; and PACIFIC SHORE HOLDING, INC, <br><br> Plaintiffs, <br><br> vs. <br><br> ALLIED PROPERTY & CASUALTY COMPANY; CHARTER OAK FIRE INSURANCE COMPANY; CONTINENTAL INSURANCE COMPANY; GREAT WEST CASUALTY COMPANY; HANOVER INSURANCE COMPANY; MASSACHUSETTS BAY INSURANCE COMPANY; THE TRAVELERS INDEMNITY COMPANY OF AMERICA; THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT; TRAVELERS PROPERTY & CASUALTY COMPANY OF AMERICA; VALLEY FORGE INSURANCE COMPANY; AND DOES 1-20. <br><br> Defendants. | Case No.: <br><br> **NOTICE OF REMOVAL** <br><br> (Los Angeles County Superior Court Case No. 25STCV10912) |

- 1 -

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

  **PLEASE TAKE NOTICE** that Defendants[1] hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441, and remove this action from state court to federal court pursuant to 28 U.S.C. § 1446. In support thereof, Defendants assert as follows:

**I. STATEMENT OF THE CASE**

  1. On April 11, 2025, Plaintiffs Pacific Shore Stones, LLC, Pacific Shore Stones Bakersfield, LLC, and Pacific Shore Holding, Inc. (collectively, "Plaintiffs") filed a lawsuit in the Superior Court of California, County of Los Angeles, captioned *Pacific Shore Stones, LLC; Pacific Shore Stones Bakersfield, LLC; and Pacific Shore Holding, Inc., v. Allied Property & Casualty Company; Charter Oak Fire Insurance Company; Continental Insurance Company; Great West Casualty Company; Hanover Insurance Company; Massachusetts Bay Insurance Company; The Travelers Indemnity Company of America; The Travelers Indemnity Company of Connecticut; Travelers Property & Casualty Company of America; Valley Forge Insurance Company; and DOES 1-20*, and designated as Case Number 25STCV10912 (the "State Court Action"). Defendants were served for the first time with the Summons and Complaint in the State Court Action on April 15, 2025. True and correct copies of the summons, Complaint and all associated papers filed with the Los Angeles County Superior Court are attached hereto as Exhibit A.

  2. Plaintiffs allege that Pacific Shore Stones, LLC has been named as a

---

[1] "Defendants" include (i) The Charter Oak Fire Insurance Company ("Charter Oak"), Travelers Indemnity Company of America ("Travelers-A"), Travelers Indemnity Company of Connecticut ("Travelers-C") and Travelers Property Casualty Company of America ("Travelers-PCA") (collectively, "Travelers"); (ii) Allied Property & Casualty Company ("Allied"); (iii) Continental Insurance Company and Valley Forge Insurance Company (collectively, "Continental"); (iv) Great West Casualty Company ("Great West"); and (v) Hanover Insurance Company and Massachusetts Bay Insurance Company (collectively, "Hanover").

defendant in more than 130 underlying lawsuits alleging bodily injuries purportedly resulting from exposure to silica in Plaintiffs' products (the "Underlying Lawsuits"). Compl. ¶ 2. Plaintiffs allege that Pacific Shore Stones Bakersfield, LLC and Pacific Shore Holding, Inc. are insureds under one or more of the insurance policies addressed in their complaint. *Id.* ¶ 1 n.1.

3. Plaintiffs assert the following eight causes of action: (i) Declaratory Relief (Against Defendant Allied); (ii) Declaratory Relief – Duty to Defend (Against All Defendants); (iii) Declaratory Relief – Duty to Consider Settlement Demands (Against All Defendants); (iv) Declaratory Relief – Alleged Silica-Related Exclusions (Against All Defendants); (v) Declaratory Relief – Alleged Pollutant or Contaminant Exclusions (Against All Defendants); (vi) Declaratory Relief – Allocation of Defense Costs Between Multiple Triggered Defendants (Against All Defendants); (vii) Declaratory Relief – Allocation of Settlements Between Multiple Triggered Defendants (Against All Defendants); and (viii) Declaratory Relief – Indemnity Obligations (Against All Defendants). *Id.* at ¶¶ 22-26.

4. Plaintiffs also reserve the right to amend their complaint to seek "damages for breach of contract and damages and punitive damages for breach of the implied covenant of good faith and fair dealing . . . ." *Id.* ¶ 5.

## II. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

5. Removal of this action is timely. The earliest that any of the Defendants were served with the summons and Complaint was on April 15, 2025. Thus, the Notice of Removal was "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347–48 (1999) ("[A] named defendant's time to remove is triggered by

simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

6. This Notice of Removal is being filed by all named Defendants in the case. Does 1–20 are fictitious defendants and have not been named or served and therefore need not consent to this Notice of Removal. *See Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

7. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a) because the Complaint was filed in this District.

8. Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff. Defendants will also promptly file a copy of this Notice with the Clerk of the Superior Court of California, County of Los Angeles.

9. This Notice of Removal is signed pursuant to 28 U.S.C. § 1446(a) (referencing Fed. R. Civ. Pro. 11).

### III. BASIS FOR REMOVAL JURISDICTION: DIVERSITY OF CITIZENSHIP

10. Section 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that there is complete diversity between the parties and the amount in controversy in this matter exceeds the sum or value of $75,000, exclusive of interest and costs.

**A.    The Parties Are Citizens of Different States**

12.     Diversity is met here because Plaintiffs and Defendants are citizens of different states.

13.     Plaintiff Pacific Shore Stones, LLC is a limited liability company formed under the laws of the State of California, with its principal place of business in North Hollywood, California.  Compl. ¶ 6.  The citizenship of a limited liability company is determined by the citizenship of its members.  *19th Capital Grp., Inc. v. 3 GGG's Truck Lines, Inc.*, No. CV 18-2493 PA (RAOx), 2018 U.S. Dist. LEXIS 226595, *3 (C.D. Cal. Apr. 3, 2018).  According to information on file with the California Secretary of State, the members of Plaintiff Pacific Shore Stones, LLC are Donald Ciceri and Marco Pereira.  Mr. Ciceri and Mr. Pereira are domiciled in California.  Accordingly, Pacific Shore Stones, LLC is a citizen of California for diversity jurisdiction purposes.

14.     Plaintiff Pacific Shore Stones Bakersfield, LLC is a limited liability company formed under the laws of the State of California, with its principal place of business in Bakersfield, California.  Compl. ¶ 7.  According to information on file with the California Secretary of State, the members of Pacific Shore Stones Bakersfield, LLC are Pacific Shore Stone, LLC and Paulo Ogorodnik.  Pacific Shore Stone, LLC is a citizen of California and Mr. Ogorodnik is domiciled in California.  Accordingly, Pacific Shore Stones Bakersfield, LLC is a citizen of California for diversity jurisdiction purposes.

15.     Plaintiff Pacific Shore Stones Holding, Inc. is a Texas corporation with its principal place of business in Austin, Texas.  *Id.* ¶ 8.

16.     Plaintiffs are therefore considered citizens of the states of California and Texas for diversity jurisdiction purposes.

17.     Defendant Allied Property & Casualty Company is an Iowa corporation with its principal place of business in Columbus, Ohio.  *Id.* ¶ 9.

18.     Defendant The Charter Oak Fire Insurance Company is Connecticut

corporation with its principal place of business in Hartford, Connecticut. *Id.* ¶ 10.

19. Defendant Continental Insurance Company is a Pennsylvania corporation with its principal place of business in Chicago, Illinois. *Id.* ¶ 11.

20. Defendant Great West Casualty Company is a Nebraska corporation with its principal place of business in South Sioux City, Nebraska. *Id.* ¶ 12.

21. Defendant Hanover Insurance Company is a New Hampshire corporation with its principal place of business in Worchester, Massachusetts. *Id.* ¶ 13.

22. Defendant Massachusetts Bay Insurance Company is a New Hampshire corporation with its principal place of business in Worchester, Massachusetts. *Id.* ¶ 14.

23. Defendant Travelers Indemnity Company of America is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

24. Defendant Travelers Indemnity Company of Connecticut is a Connecticut corporation with its principal place of business in Hartford, Connecticut. *Id.* ¶ 16.

25. Defendant Travelers Property Casualty Company of America is a Connecticut corporation with its principal place of business in Hartford, Connecticut. *Id.* ¶ 17.

26. Defendant Valley Forge Insurance Company is a Pennsylvania corporation with its principal place of business in Chicago, Illinois. *Id.* ¶ 18.

27. The presence of Doe defendants has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

**B.      The Amount in Controversy Exceeds $75,000**

28. In order to remove an action on diversity jurisdiction grounds, the

1  amount in controversy must exceed $75,000, and it is the removing party's burden
2  to establish, "by a preponderance of evidence, that the aggregate amount in
3  controversy exceeds the jurisdictional minimum." *Rodriguez v. AT&T Mobility*
4  *Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013).

5  29.  Here, Plaintiffs allege that Pacific Shore Stones, LLC operates as a
6  distributor of natural and manufactured stone products used in residential and
7  commercial applications.  Compl. ¶ 1.  According to Plaintiffs, Pacific Shore
8  Stones, LLC operates through numerous locations, including a 45,000 square foot
9  facility in North Hollywood, California.  *Id.*  Plaintiffs allege that Pacific Shore
10 Stones, LLC has been named as a defendant in more than 130 Underlying Lawsuits
11 alleging bodily injuries purportedly resulting from exposure primarily to silica in
12 Pacific Shore Stones, LLC's products.  *Id.* ¶ 2.

13 30.  Plaintiffs allege that Defendants issued insurance policies to Pacific
14 Shore Stones, LLC or one of the other Plaintiffs between 2004 and the present
15 (collectively, the "Policies").  *Id.* ¶ 3.  According to Plaintiffs, the Policies
16 (i) provide coverage for amounts that Plaintiffs are obligated to pay the underlying
17 plaintiffs in the Underlying Lawsuits for bodily injuries that take place, in whole or
18 in part, during their respective policy periods; and (ii) provide that the issuing
19 insurers will defend Plaintiffs against claims or lawsuits that give rise to a potential
20 for coverage under the terms of the Policies.  *Id.*

21 31.  Plaintiffs allege that Travelers issued five policies to Plaintiffs,
22 including primary and umbrella liability policies, covering the time periods of
23 April 30, 2015 to April 30, 2016, April 30, 2020 to April 30, 2022 and April 30,
24 2023 to April 30, 2024.  *Id.* ¶¶ 36; 41-43.  Plaintiffs allege that all of the Travelers'
25 policies except one provide any "Insured" thereunder with immediate defense and
26 indemnity coverage.  *Id.* ¶¶ 36; 41-42.  Plaintiffs allege that they "do not currently
27 seek coverage from Travelers-PCA for the Underlying Lawsuits, but have joined it
28 as a Defendant given that other Defendants have asserted that covered losses must

be allocated 'pro rata' to all insurers on the risk and Plaintiffs do not yet know whether such assertions allegedly implicate the period during which Travelers-PCA was on the risk." *Id.* ¶ 43.[2]

32. Plaintiffs allege that Allied issued nine primary policies to Plaintiffs, covering the time period April 14, 2004 to April 14, 2013. *Id.* ¶ 35. Plaintiffs allege that each Allied policy requires Allied to provide Plaintiffs with an immediate defense and indemnity coverage in connection with the Underlying Lawsuits. *Id.*

33. Plaintiffs allege that Continental issued six policies, including primary and umbrella liability policies, to Plaintiffs, covering the time period April 30, 2017 to April 30, 2020. *Id.* ¶¶ 37; 44. Plaintiffs allege that each Continental policy requires Continental to provide Plaintiffs with an immediate defense and indemnity coverage in connection with the Underlying Lawsuits. *Id.*

34. Plaintiffs allege that Great West issued one primary policy to Plaintiffs covering the time period May 2, 2011 to May 2, 2012. *Id.* ¶ 38. Plaintiffs allege that the Great West policy requires Great West to provide Plaintiffs with an immediate defense and indemnity coverage in connection with the Underlying Lawsuits. *Id.*

35. Plaintiffs allege that Hanover issued six policies to Plaintiffs, including primary and umbrella liability policies, covering the time period April 30, 2012 to April 30, 2015. *Id.* ¶¶ 39-40. Plaintiffs allege that each Hanover policy requires Hanover to provide Plaintiffs with an immediate defense and indemnity coverage in connection with the Underlying Lawsuits.

36. Although Plaintiffs do not allege the amount of coverage under each

---

[2] Because Plaintiffs "do not currently seek coverage from Travelers-PCA" (Compl. ¶ 43), Travelers-PCA should be disregarded in determining the existence of diversity. *See* 15A Moore's Federal Practice – Civil § 102.15 ("A federal court must . . . disregard nominal or formal parties and determine jurisdiction only with respect to the citizenship of real parties to the controversy.").

1  Policy in their Complaint, the per occurrence and aggregate limits under each
2  Policy exceeds $75,000.  Significantly, the fact that Plaintiffs are seeking coverage
3  under umbrella liability insurance policies demonstrates conclusively that the
4  amount in controversy exceeds $75,000.

5        37.    In addition, in describing the Underlying Lawsuits, Plaintiffs discuss
6  the *Quiroz* lawsuit as an exemplar of the allegations made by the plaintiffs in all of
7  the 130 Underlying Lawsuits.  *Id.* ¶¶ 25-27.  In this regard, Plaintiffs allege that, in
8  the *Quiroz* case, the plaintiff alleges that (i) he "cut, ground, drilled, edged,
9  polished fabricated and/or installed . . . . artificial and nature stone products to
10 become countertops in kitchens and bathrooms"; (ii) he was allegedly "exposed to
11 and inhaled stone dust containing silica and other toxins and carcinogens"; and
12 (iii) as a result of the alleged exposure, plaintiff allegedly "developed lung disease
13 characterized by pulmonary nodules, silicosis, pulmonary fibrosis, progressive
14 massive fibrosis, and other forms of lung damage."  *Id.* ¶ 26.

15       38.    Plaintiffs allege that the plaintiff in *Quiroz* is seeking damages "in
16 excess of $19 million" dollars and made a "settlement demand of $4 million to
17 Pacific Shore" specifically.  *Id.* If Plaintiffs' example from *Quiroz* is multiplied
18 across all 130 Underlying Lawsuits, the exposure Plaintiffs are facing ranges
19 between $520 million (130 x 4 million) and $2.47 billion (130 x $19 million).

20       39.    In addition, the amount in controversy may be aggregated among all
21 the defendants because Plaintiffs contend that Defendants have joint obligations by
22 virtue of their allocation theory that each Defendant should provide a complete
23 defense and then is free to pursue contribution or indemnity from other defendants.
24 *Id.* ¶ 60.  But even if a pro rata allocation methodology applies, as Plaintiffs allege
25 some Defendants contend, the amount in controversy easily exceeds $75,000 per
26 defendant based on costs to defend one or more Plaintiffs, separate and apart from
27 indemnity costs, in light of the fact that Plaintiffs allege there are over 130
28 Underlying Lawsuits.  *See Farmers Direct Prop. & Cas. Ins. Co. v. Perez*, No. 23-

3320, 2025 U.S. App. LEXIS 5245, at *17 (9th Cir. Mar. 6, 2025) ("Farmers Direct also argues that the district court erred when it 'simply concluded—without analysis or citation to authority—that 'the amount in controversy does not include . . . defense costs for the underlying action.'' We agree."); *GEICO Cas. Co. v. Hollandsworth*, No. 4:18-cv-00197-DGK, 2019 U.S. Dist. LEXIS 9082, at *8 (W.D. Mo. Jan. 18, 2019) ("Here, the underlying litigation is a personal-injury action involving a grievously injured plaintiff seeking millions of dollars in past and future medical expenses, noneconomic damages, and punitive damages. The cost to defend against such claims is not cheap. Drawing from its experience reviewing fee requests and billing statements, the Court finds that GEICO's potential cost of defending the state-court action could have exceeded the jurisdictional threshold."). Courts determine the amount in controversy "based on the damages that can reasonably be anticipated at the time of removal . . . the measure of fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." *Simmons v. PCR Technology*, 209 F. Supp.2d 1029, 1035 (N.D. Cal. 2002); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

40. Finally, Plaintiffs reserved the right to amend their complaint to sue Defendants for punitive damages for breach of the implied covenant of good faith and fair dealing. Compl. ¶ 5. Where a party reserves the right to amend a complaint to assert a claim for punitive damages, punitive damages are part of the amount in controversy. *Beaver v. NPC Int'l, Inc.*, 451 F. Supp. 2d 1196, 1200 (D. Or. 2006); *see also Hernandez v. FCA US, FCA US, Ltd. Liab. Co.*, No. CV 20-1058-RSWL-MAA, 2020 U.S. Dist. LEXIS 115042, at *9 (C.D. Cal. June 29, 2020) (the amount in controversy for purposes of determining diversity may include punitive damages if recoverable under state law). The California Supreme Court has found that single digit multipliers of actual damages, while "far from

1  exact," are a generally constitutionally appropriate measure of punitive damages.
2  *Simon v. San Paolo U.S. Holding Co., Inc.*, 35 Cal. 4th 1159, 1182 (2005).

3      41.    In light of the above, both the amount in controversy with respect to
4  each individual Defendant and diversity of citizenship requirements are met, and
5  this Court may properly exercise diversity jurisdiction over this case.

6  **IV.    RESERVATION OF DEFENSES**

7      42.    As of the filing of this Notice of Removal, no further proceedings
8  have been had in the State Court Action.

9      43.    Nothing in this Notice of Removal shall be interpreted as a
10  relinquishment of Defendants' right to assert any defense or affirmative matter,
11  including but not limited to the Defendants' right to argue improper joinder.

12      44.    Defendants reserve the right to amend or supplement this Notice of
13  Removal.

14      WHEREFORE, Defendants hereby remove the above-captioned action
15  from the Superior Court of California, County of Los Angeles, to this Court, and
16  request that all further proceedings be conducted in this Court, as required by law.

17

18  Dated: May 14, 2025                  SIMPSON THACHER & BARTLETT LLP

19

20                                      By:   */s/ Chet A. Kronenberg*
21                                              Chet A. Kronenberg

22                                  *Attorneys for Defendants The Charter Oak*
23                                  *Fire Insurance Company, Travelers Indemnity Company of America, Travelers Indemnity Company of Connecticut, and*
24                                  *Travelers Property Casualty Company of America*

25

26

27

28

| | | |
|---|---|---|
| 1 | Dated: May 14, 2025 | COZEN O'CONNOR |
| 2 | | |
| 3 | | By: */s/ Valerie D. Rojas* |
| 4 | | Valerie D. Rojas |
| 5 | | *Attorneys for Defendant Allied Property & Casualty Company* |
| 6 | Dated: May 14, 2025 | CLYDE & CO US LLP |
| 7 | | |
| 8 | | By: */s/ Brian D. Harrison* |
| 9 | | Brian D. Harrison |
| 10 | | *Attorneys for Defendants Continental Insurance Company and Valley Forge Insurance Company* |
| 11 | | |
| 12 | Dated: May 14, 2025 | TRESSLER LLP |
| 13 | | |
| 14 | | By: */s/ Linda Bondi Morrison* |
| 15 | | Linda Bondi Morrison |
| 16 | | *Attorneys for Defendant Great West Casualty Company* |
| 17 | Dated: May 14, 2025 | HAYES SCOTT BONINO ELLINGSON & GUSLANI LLP |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | By: */s/ Stephen M. Hayes* |
| 22 | | Stephen M. Hayes |
| 23 | | *Attorneys for Defendants Hanover Insurance Company and Massachusetts Bay Insurance Company* |