STEPHEN M. HAYES (SBN 83583)
shayes@hayesscott.com
RYAN Z. KELLER (SBN 249193)
rkeller@hayesscott.com
HAYES SCOTT BONINO ELLINGSON & GUSLANI LLP
333 Twin Dolphin Road, Suite 230
Redwood City, California 94065
Telephone: 650.637.9100

Attorneys for Defendants
HANOVER INSURANCE COMPANY and
MASSACHUSETTS BAY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC SHORE STONES, LLC; PACIFIC SHORE STONES BAKERSFIELD, LLC; and PACIFIC SHORE HOLDING, INC, <br><br> Plaintiffs, <br><br> v. <br><br> ALLIED PROPERTY & CASUALTY COMPANY; CHARTER OAK FIRE INSURANCE COMPANY; CONTINENTAL INSURANCE COMPANY; GREAT WEST CASUALTY COMPANY; HANOVER INSURANCE COMPANY; MASSACHUSETTS BAY INSURANCE COMPANY; THE TRAVELERS INDEMNITY COMPANY OF AMERICA; THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT; TRAVELERS PROPERTY & CASUALTY COMPANY OF AMERICA; VALLEY FORGE INSURANCE COMPANY, and DOES 1 through 20, <br><br> Defendants | CASE NO. 2:25-cv-04370 <br><br> **DEFENDANTS HANOVER INSURANCE COMPANY AND MASSACHUSETTS BAY INSURANCE COMPANY'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** <br><br> (Los Angeles County Superior Court Case No. 25STCV10912) <br><br> **Complaint Filed: April 11, 2025** |

2273483

Defendants Massachusetts Bay Insurance Company ("MBIC"), and Hanover Insurance Company ("Hanover") (collectively "Defendants") in answering the Complaint filed by Plaintiffs, Pacific Shore Stones, LLC, Pacific Shore Stones Bakersfield, LLC, and Pacific Shore Holding, Inc. ("Plaintiffs") set forth the following:

## OVERVIEW OF ACTION

1. In answer to Paragraph 1 of the Complaint, these answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the allegations and on that basis, deny the allegations contained therein.

2. In answer to Paragraph 2 of the Complaint, these answering Defendants admit that Pacific Shore Stones, LLC has been sued in underlying tort lawsuits. These answering Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations and therefore deny them.

3. In answer to Paragraph 3 of the Complaint, these answering Defendants admit they issued insurance policies to Pacific Shore Stones, LLC. These answering Defendants deny they have a duty to defend or indemnify Pacific Shore Stones, LLC for the Underlying Lawsuits. As to the other plaintiffs, these answering Defendants believe it is undisputed that these answering Defendants did not issue any insurance policies to them and do not have any obligation to defend or indemnify them in the Underlying Lawsuits. These answering Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations and therefore deny them.

2273483

4. In answer to Paragraph 4 of the Complaint, these answering Defendants deny they have a duty to defend or indemnify Pacific Shore Stones, LLC for the Underlying Lawsuits. As to the other plaintiffs, these answering Defendants believe it is undisputed that these answering Defendants did not issue any insurance policies to them and do not have any obligation to defend or indemnify them in the Underlying Lawsuits. These answering Defendants are unaware of any other disputes. These answering Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations and therefore deny them.

5. In answer to Paragraph 5 of the Complaint, these answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required. To the extent a response is required, these answering Defendants deny the allegations. These answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, deny the remaining allegations contained therein.

## PARTIES

6. In answer to Paragraph 6 of the Complaint, these answering Defendants admit that Pacific Shore Stones LLC is a limited liability company incorporated in the state of California. These answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, deny the remaining allegations contained therein.

**DEFENDANTS HANOVER AND MBIC'S ANSWER TO COMPLAINT;
DEMAND FOR JURY TRIAL – CASE NO. 2:25-cv-04370**

7. In answer to Paragraph 7 of the Complaint, these answering Defendants admit that Pacific Shore Stones Bakersfield LLC is a limited liability company incorporated in the state of California. These answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, deny the remaining allegations contained therein.

8. In answer to Paragraph 8 of the Complaint, these answering Defendants admit that Pacific Shore Holding Inc. is a corporation incorporated in the state of Texas. These answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, deny the remaining allegations contained therein.

9. In answer to Paragraph 9 of the Complaint, these answering Defendants admit that Allied Property & Casualty Company is a corporation incorporated in the state of Iowa. These answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, deny the remaining allegations contained therein.

10. In answer to Paragraph 10 of the Complaint, these answering Defendants admit that Charter Oak Fire Insurance Company is a corporation incorporated in the state of Connecticut. These answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, deny the remaining allegations contained therein.

**DEFENDANTS HANOVER AND MBIC'S ANSWER TO COMPLAINT;
DEMAND FOR JURY TRIAL – CASE NO. 2:25-cv-04370**

2273483

11. In answer to Paragraph 11 of the Complaint, these answering Defendants admit that Continental Insurance Company is a corporation incorporated in the state of Pennsylvania. These answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, deny the remaining allegations contained therein.

12. In answer to Paragraph 12 of the Complaint, these answering Defendants admit that Great West Casualty Company is a corporation incorporated in the state of Nebraska. These answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, deny the remaining allegations contained therein.

13. In answer to Paragraph 13 of the Complaint, these answering Defendants admit these allegations. (However, the city is Worcester, not Worchester.)

14. In answer to Paragraph 14 of the Complaint, these answering Defendants admit these allegations. (However, the city is Worcester, not Worchester.)

15. In answer to Paragraph 15 of the Complaint, these answering Defendants admit that Travelers Indemnity Company of America is a corporation incorporated in the state of Georgia. These answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, deny the remaining allegations contained therein.

16. In answer to Paragraph 16 of the Complaint, these answering Defendants

**DEFENDANTS HANOVER AND MBIC'S ANSWER TO COMPLAINT;
DEMAND FOR JURY TRIAL – CASE NO. 2:25-cv-04370**

2273483

admit that Travelers Indemnity Company of Connecticut is a corporation incorporated in the state of Connecticut. These answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, deny the remaining allegations contained therein.

17. In answer to Paragraph 17 of the Complaint, these answering Defendants admit that Travelers Property Casualty Company of America is a corporation incorporated in the state of Connecticut. These answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, deny the remaining allegations contained therein.

18. In answer to Paragraph 18 of the Complaint, these answering Defendants admit that Valley Forge Insurance Company is a corporation incorporated in the state of Pennsylvania. These answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, deny the remaining allegations contained therein.

19. In answer to Paragraph 19 of the Complaint, these answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the allegations and on that basis, deny the allegations contained therein.

20. In answer to Paragraph 20 of the Complaint, these answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the allegations and on that basis, deny the allegations contained therein.

**DEFENDANTS HANOVER AND MBIC'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL – CASE NO. 2:25-cv-04370**

2273483

**JURISDICTION AND VENUE**

21. In answer to Paragraph 21 of the Complaint, these answering Defendants admit that jurisdiction is proper in this Court.

22. In answer to Paragraph 22 of the Complaint, these answering Defendants admit that at all relevant times they were doing business in the State of California and County of Los Angeles.  These answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required.  To the extent a response is required, these answering Defendants deny the allegations.  There appears to be an error that this matter involves an insurance policy issued to Rosecrans.  These answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, deny the remaining allegations contained therein.

23. In answer to Paragraph 23 of the Complaint, these answering Defendants admit that at all relevant times they were doing business in the State of California and County of Los Angeles.  There appears to be an error alleging that this matter involves a single insurance policy.  These answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required.  To the extent a response is required, these answering Defendants deny the allegations.  These answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations and on that

**DEFENDANTS HANOVER AND MBIC'S ANSWER TO COMPLAINT;
DEMAND FOR JURY TRIAL – CASE NO. 2:25-cv-04370**

2273483

basis, deny the remaining allegations contained therein.

24. In answer to Paragraph 24 of the Complaint, these answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, deny the remaining allegations contained therein.

## FACTUAL BACKGROUND

## I. The Underlying Lawsuits

25. In answer to Paragraph 25 of the Complaint, these answering Defendants admit that the Underlying Lawsuits against Plaintiffs seek damages related to silicosis sustained by workers allegedly caused by exposure to silica, silica-related dust, and pollutants contained in stone countertop products distributed by Plaintiffs. These answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, deny the remaining allegations contained therein.

26. In answer to Paragraph 26 of the Complaint, these answering Defendants admit the language in this Paragraph contains allegations from the Third Amended Complaint in the matter *Cesar Manuel Gonzalez Quiroz v. American Marble & Onyx Company, Inc., et al.,* Los Angeles County Superior Court Case No. 24STCV01477; however, Defendants deny that these allegations are an example that support contentions in paragraph 25. These answering Defendants do not have sufficient

2273483

information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, deny the remaining allegations contained therein.

27. In answer to Paragraph 27 of the Complaint, these answering Defendants admit that the Underlying Lawsuits against Plaintiffs seek damages related to silicosis sustained by workers allegedly caused by exposure to silica, silica-related dust, and pollutants contained in stone countertop products distributed by Plaintiffs, and that the specific dates of the alleged injuries vary by Underlying Lawsuit. These answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, deny the remaining allegations contained therein.

28. In answer to Paragraph 28 of the Complaint, these answering Defendants admit that the Underlying Lawsuits, as the term is used in the Complaint, include the referenced underlying state law cases. These answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, deny the remaining allegations contained therein.

29. In answer to Paragraph 29 of the Complaint, these answering Defendants deny that Pacific Shore Stones, LLC is defending itself in the Underlying Lawsuits. These answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, deny the allegations contained therein.

2273483

## II.    <u>The Policies</u>

30.  In answer to Paragraph 30 of the Complaint, these answering Defendants admit they issued insurance policies to Pacific Shore Stones, LLC.  As to the other plaintiffs, these answering Defendants believe it is undisputed that these answering Defendants did not issue any insurance policies to them.  These answering Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations and therefore deny them.

31.  In answer to Paragraph 31 of the Complaint, these answering Defendants admit that their insurance policies are subject to their terms, conditions, definitions, exclusions, and endorsements.  These answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, deny the remaining allegations contained therein.

32.  In answer to Paragraph 32 of the Complaint, these answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required.  These answering Defendants admit that some insurance policies were issued to Pacific Shore Stones, LLC on a primary basis.  Otherwise, to the extent a response is required, these answering Defendants deny the allegations.

33.  In answer to Paragraph 33 of the Complaint, these answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required.  These answering Defendants admit that some insurance

**DEFENDANTS HANOVER AND MBIC'S ANSWER TO COMPLAINT;
DEMAND FOR JURY TRIAL – CASE NO. 2:25-cv-04370**

2273483

policies were issued to Pacific Shore Stones, LLC on an excess/umbrella basis. Otherwise, to the extent a response is required, these answering Defendants deny the allegations.

34. In answer to Paragraph 34 of the Complaint, these answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required. To the extent a response is required, these answering Defendants deny the allegations.

35. In answer to Paragraph 35 of the Complaint, these answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required. Otherwise, to the extent a response is required, these answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the allegations and on that basis, deny the allegations contained therein.

36. In answer to Paragraph 36 of the Complaint, these answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required. Otherwise, to the extent a response is required, these answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the allegations and on that basis, deny the allegations contained therein.

37. In answer to Paragraph 37 of the Complaint, these answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required. Otherwise, to the extent a response is required, these answering

**DEFENDANTS HANOVER AND MBIC'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL – CASE NO. 2:25-cv-04370**

2273483

Defendants do not have sufficient information or knowledge to form a belief as to the truth of the allegations and on that basis, deny the allegations contained therein.

38. In answer to Paragraph 38 of the Complaint, these answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required. Otherwise, to the extent a response is required, these answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the allegations and on that basis, deny the allegations contained therein.

39. In answer to Paragraph 39 of the Complaint, these answering Defendants admit that Hanover issued at least three commercial umbrella liability policies to Pacific Shore Stones, LLC, Policy Nos. UHD 9534265 00, UHD 9534265 01 and UHD 9534265 02, with effective periods of April 30, 2012 to April 30, 2013; April 30, 2013 to April 30, 2014; and April 30, 2014 to April 30, 2015, respectively (collectively the "Hanover Policies"). These answering Defendants deny the remaining allegations.

40. In answer to Paragraph 40 of the Complaint, these answering Defendants admit that Massachusetts Bay issued at least three commercial umbrella liability policies to Pacific Shore Stones, LLC, Policy Nos. ZDD 9534126 00, ZDD 9534126 01 and ZDD 9534126 02, with effective periods of April 30, 2012 to April 30, 2013, April 30, 2013 to April 30, 2014, and April 30, 2014 to April 30, 2015, respectively (collectively the "Massachusetts Bay Policies"). These answering Defendants deny

**DEFENDANTS HANOVER AND MBIC'S ANSWER TO COMPLAINT;
DEMAND FOR JURY TRIAL – CASE NO. 2:25-cv-04370**

2273483

the remaining allegations.

41. In answer to Paragraph 41 of the Complaint, these answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required. Otherwise, to the extent a response is required, these answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the allegations and on that basis, deny the allegations contained therein.

42. In answer to Paragraph 42 of the Complaint, these answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required. Otherwise, to the extent a response is required, these answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the allegations and on that basis, deny the allegations contained therein.

43. In answer to Paragraph 43 of the Complaint, these answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required. Otherwise, to the extent a response is required, these answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the allegations and on that basis, deny the allegations contained therein.

44. In answer to Paragraph 44 of the Complaint, these answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required. Otherwise, to the extent a response is required, these answering Defendants do not have sufficient information or knowledge to form a belief as to the

2273483

truth of the allegations and on that basis, deny the allegations contained therein.

45. In answer to Paragraph 45 of the Complaint, these answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the allegations and on that basis, deny the allegations contained therein.

46. In answer to Paragraph 46 of the Complaint, these answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required. To the extent a response is required, these answering Defendants deny the allegations. These answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, deny the remaining allegations contained therein.

## III. **The Standards Applicable to Handling Insurance Claims**

47. In answer to Paragraph 47 of the Complaint, these answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required. To the extent a response is required, these answering Defendants deny the allegations.

48. In answer to Paragraph 48 of the Complaint, these answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required. To the extent a response is required, these answering Defendants deny the allegations.

49. In answer to Paragraph 49 of the Complaint, these answering Defendants

**DEFENDANTS HANOVER AND MBIC'S ANSWER TO COMPLAINT;
DEMAND FOR JURY TRIAL – CASE NO. 2:25-cv-04370**

2273483

respond that this Paragraph contains legal conclusions and arguments for which no response is required. To the extent a response is required, these answering Defendants deny the allegations.

50. In answer to Paragraph 50 of the Complaint, these answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required. To the extent a response is required, these answering Defendants deny the allegations.

51. In answer to Paragraph 51 of the Complaint, these answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required. To the extent a response is required, these answering Defendants deny the allegations.

52. In answer to Paragraph 52 of the Complaint, these answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required. To the extent a response is required, these answering Defendants deny the allegations.

53. In answer to Paragraph 53 of the Complaint, these answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required. To the extent a response is required, these answering Defendants deny the allegations.

54. In answer to Paragraph 54 of the Complaint, these answering Defendants

**DEFENDANTS HANOVER AND MBIC'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL – CASE NO. 2:25-cv-04370**

2273483

respond that this Paragraph contains legal conclusions and arguments for which no response is required. To the extent a response is required, these answering Defendants deny the allegations.

## IV. The Coverage Disputes

55. In answer to Paragraph 55 of the Complaint, these answering Defendants answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the allegations and on that basis, deny the allegations contained therein.

56. In answer to Paragraph 56 of the Complaint, these answering Defendants deny they are obligated to defend each of the Underlying Lawsuits. These answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, deny the remaining allegations contained therein.

57. In answer to Paragraph 57 of the Complaint, these answering Defendants deny they have a duty to defend or indemnify Plaintiffs in any of the Underlying Lawsuits. These answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required. To the extent a response is required, these answering Defendants deny the remaining allegations.

58. In answer to Paragraph 58 of the Complaint, these answering Defendants deny they have a duty to defend or indemnify Pacific Shore Stones, LLC in any of

**DEFENDANTS HANOVER AND MBIC'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL – CASE NO. 2:25-cv-04370**

2273483

the Underlying Lawsuits due to the Silica or Silica-Related Dust exclusion and the

Total Pollution exclusion.  These answering Defendants admit there is a dispute over

whether these exclusions preclude coverage for Pacific Shore Stones, LLC, and cause

there to be no duty to defend or indemnify Pacific Shore Stones, LLC for the

Underlying Lawsuits.  As to the other plaintiffs, these answering Defendants believe

it is undisputed that these answering Defendants did not issue any insurance policies

to them and do not have any obligation to defend or indemnify them in the

Underlying Lawsuits.    These answering Defendants do not have sufficient

information or knowledge to form a belief as to the truth of the remaining allegations

and on that basis, deny the remaining allegations contained therein.

59. In answer to Paragraph 59 of the Complaint, these answering Defendants

deny they have a duty to defend or indemnify Pacific Shore Stones, LLC in any of

the Underlying Lawsuits due to the Silica or Silica-Related Dust exclusion and the

Total Pollution exclusion.  These answering Defendants admit there is a dispute over

whether these exclusions preclude coverage for Pacific Shore Stones, LLC, and cause

there to be no duty to defend or indemnify Pacific Shore Stones, LLC for the

Underlying Lawsuits.  As to the other plaintiffs, these answering Defendants believe

it is undisputed that these answering Defendants did not issue any insurance policies

to them and do not have any obligation to defend or indemnify them in the

Underlying Lawsuits.    These answering Defendants do not have sufficient

**DEFENDANTS HANOVER AND MBIC'S ANSWER TO COMPLAINT;
DEMAND FOR JURY TRIAL – CASE NO. 2:25-cv-04370**

2273483

information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, deny the remaining allegations contained therein.

60. In answer to Paragraph 60 of the Complaint, these answering Defendants respond that this Paragraph contains legal conclusions, questions, and arguments for which no response is required. To the extent a response is required, these answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, deny the remaining allegations contained therein.

61. In answer to Paragraph 61 of the Complaint, these answering Defendants respond that this Paragraph contains legal conclusions, questions, and arguments for which no response is required. To the extent a response is required, these answering Defendants do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, deny the remaining allegations contained therein.

## FIRST CAUSE OF ACTION

### (Declaratory Relief – Allied Policies)

62. In answer to Paragraph 62 of the Complaint, these answering Defendants admit and deny the allegations contained in the previous paragraphs incorporated herein to the same extent and in the same manner as set forth above.

63. In answer to Paragraph 63 of the Complaint, these answering Defendants

- 17 -

2273483

respond that this Paragraph contains legal conclusions, questions, and arguments for which no response is required.

64. In answer to Paragraph 64 of the Complaint, these answering Defendants respond that this Paragraph contains legal conclusions, questions, and arguments for which no response is required.

## SECOND CAUSE OF ACTION

### (Declaratory Relief – Duty to Defend)

65. In answer to Paragraph 65 of the Complaint, these answering Defendants admit and deny the allegations contained in the previous paragraphs incorporated herein to the same extent and in the same manner as set forth above.

66. In answer to Paragraph 66 of the Complaint, these answering Defendants deny they have a duty to defend Pacific Shore Stones, LLC for the Underlying Lawsuits.  As to the other plaintiffs, these answering Defendants believe it is undisputed that these answering Defendants did not issue any insurance policies to them and do not have any obligation to defend them in the Underlying Lawsuits. These answering Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations and therefore deny them.

67. In answer to Paragraph 67 of the Complaint, these answering Defendants admit these allegations.

## THIRD CAUSE OF ACTION

2273483

**(Declaratory Relief – Duty to Consider Settlement Demands)**

68. In answer to Paragraph 68 of the Complaint, these answering Defendants admit and deny the allegations contained in the previous paragraphs incorporated herein to the same extent and in the same manner as set forth above.

69. In answer to Paragraph 69 of the Complaint, these answering Defendants deny they have a duty to defend or indemnify Plaintiffs in any of the Underlying Lawsuits.  These answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required.  To the extent a response is required, these answering Defendants deny the remaining allegations.

70. In answer to Paragraph 70 of the Complaint, these answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required.  To the extent a response is required, these answering Defendants deny the allegations.

## FOURTH CAUSE OF ACTION

**(Declaratory Relief – Alleged Silica-Related Exclusions)**

71. In answer to Paragraph 71 of the Complaint, these answering Defendants admit and deny the allegations contained in the previous paragraphs incorporated herein to the same extent and in the same manner as set forth above.

72. In answer to Paragraph 72 of the Complaint, these answering Defendants deny they have a duty to defend or indemnify Pacific Shore Stones, LLC in any of

**DEFENDANTS HANOVER AND MBIC'S ANSWER TO COMPLAINT;
DEMAND FOR JURY TRIAL – CASE NO. 2:25-cv-04370**

2273483

the Underlying Lawsuits due to the Silica or Silica-Related Dust exclusion and the

Total Pollution exclusion.  As to the other plaintiffs, these answering Defendants

believe it is undisputed that these answering Defendants did not issue any insurance

policies to them and do not have any obligation to defend or indemnify them in the

Underlying Lawsuits.  These answering Defendants lack sufficient information or

knowledge to form a belief as to the truth of the remaining allegations and therefore

deny them.

73.  In answer to Paragraph 73 of the Complaint, these answering Defendants

admit that the Court should determine whether these answering Defendants have a

duty to defend and indemnify based on the Silica or Silica-Related Dust exclusion

and the Total Pollution exclusion.

## FIFTH CAUSE OF ACTION

### (Declaratory Relief – Alleged Pollutant or Contaminant Exclusions)

74.  In answer to Paragraph 74 of the Complaint, these answering Defendants

admit and deny the allegations contained in the previous paragraphs incorporated

herein to the same extent and in the same manner as set forth above.

75.  In answer to Paragraph 75 of the Complaint, these answering Defendants

deny they have a duty to defend or indemnify Pacific Shore Stones, LLC in any of

the Underlying Lawsuits due to the Silica or Silica-Related Dust exclusion and the

Total Pollution exclusion.  As to the other plaintiffs, these answering Defendants

2273483

believe it is undisputed that these answering Defendants did not issue any insurance policies to them and do not have any obligation to defend or indemnify them in the Underlying Lawsuits. These answering Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations and therefore deny them.

76. In answer to Paragraph 76 of the Complaint, these answering Defendants admit that the Court should determine whether these answering Defendants have a duty to defend and indemnify based on the Silica or Silica-Related Dust exclusion and the Total Pollution exclusion.

## SIXTH CAUSE OF ACTION

## (Declaratory Relief – Allocation Of Defense Costs Between Multiple Triggered Defendants)

77. In answer to Paragraph 77 of the Complaint, these answering Defendants admit and deny the allegations contained in the previous paragraphs incorporated herein to the same extent and in the same manner as set forth above.

78. In answer to Paragraph 78 of the Complaint, these answering Defendants deny they have a duty to defend Plaintiffs in any of the Underlying Lawsuits. These answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required. To the extent a response is required, these answering Defendants lack sufficient information or knowledge to form a belief

- 21 -

2273483

as to the truth of the remaining allegations and therefore deny them.

79. In answer to Paragraph 79 of the Complaint, these answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required.   To the extent a response is required, these answering Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations and therefore deny them.

## SEVENTH CAUSE OF ACTION

## (Declaratory Relief – Allocation Of Settlements Between Multiple Triggered Defendants)

80. In answer to Paragraph 80 of the Complaint, these answering Defendants admit and deny the allegations contained in the previous paragraphs incorporated herein to the same extent and in the same manner as set forth above.

81. In answer to Paragraph 81 of the Complaint, these answering Defendants deny they have a duty to defend or indemnify Plaintiffs in any of the Underlying Lawsuits.  These answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required.  To the extent a response is required, these answering Defendants deny the remaining allegations.

82. In answer to Paragraph 82 of the Complaint, these answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required.   To the extent a response is required, these answering

**DEFENDANTS HANOVER AND MBIC'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL – CASE NO. 2:25-cv-04370**

2273483

Defendants deny the allegations.

## EIGHTH CAUSE OF ACTION

### (Declaratory Relief – Indemnity Obligations)

83. In answer to Paragraph 83 of the Complaint, these answering Defendants admit and deny the allegations contained in the previous paragraphs incorporated herein to the same extent and in the same manner as set forth above.

84. In answer to Paragraph 84 of the Complaint, these answering Defendants deny they have a duty to indemnify Plaintiffs in any of the Underlying Lawsuits. These answering Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required.   To the extent a response is required, these answering Defendants deny the remaining allegations.

85. In answer to Paragraph 85 of the Complaint, these answering Defendants admit that the Court should determine whether these answering Defendants have a duty to defend and indemnify based on the Silica or Silica-Related Dust exclusion and the Total Pollution exclusion.   Otherwise, these answering Defendants deny the remaining allegations.

## PRAYER FOR RELIEF

86. In answer to Prayer in the Complaint, these answering Defendants respond that the Prayer contains legal conclusions and argument for which no response is required.   To the extent a response is required, these answering Defendants deny the

**DEFENDANTS HANOVER AND MBIC'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL – CASE NO. 2:25-cv-04370**

allegations and further deny that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

### FIRST AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that the complaint, and each and every cause of action and/or claim for relief thereof, fails to state facts sufficient to constitute a cause of action and/or claim for relief against these answering Defendants.

### SECOND AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege, that their insurance policy / policies at issue in the Complaint afford no defense or coverage/indemnity for the claims asserted and the damages alleged in the Complaint or the underlying complaints.  These answering Defendants allege that each of their policies at issue is subject to an insuring agreement and various terms, definitions, exclusions including but not limited to the Silica or Silica-Related Dust exclusion and Total Pollution exclusion, conditions, limitations, provisions and endorsements.  These answering Defendants allege that Defendants' liability to the Plaintiffs, if any, are subject to these as interpreted by California law and they

**DEFENDANTS HANOVER AND MBIC'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL – CASE NO. 2:25-cv-04370**

2273483

preclude the potential for coverage or actual coverage for the claims asserted and the damages alleged in the Complaint and the underlying complaints.

### THIRD AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that Plaintiffs have waived and/or are estopped and barred from alleging the matters set forth in the Complaint.

### FOURTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that the Complaint is barred by the Doctrine of Unclean Hands.

### FIFTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that Plaintiffs have consented and acquiesced to the matters alleged in the Complaint.

### SIXTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that the Complaint is barred by the doctrine of laches.

2273483

## SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that any loss to Plaintiffs was proximately caused or contributed to by the acts, omissions, or fault of other persons or entities, which Defendants neither controlled nor had the right or duty to control, and that no loss of which Plaintiffs complain was caused by acts or omissions of Defendants.

## EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege, that at all times and places mentioned in the Complaint herein, Plaintiffs failed to perform certain conditions precedent that were imposed upon the Plaintiffs by contract.  The non-performance of said conditions excused Defendants' obligations under the contract.

## NINTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege, that at all times, Defendants acted reasonably, under legal right, with proper cause, and/or in good faith towards Plaintiffs and continues to do so.

## TENTH AND SEPARATE AFFIRMATIVE DEFENSE

**DEFENDANTS HANOVER AND MBIC'S ANSWER TO COMPLAINT;
DEMAND FOR JURY TRIAL – CASE NO. 2:25-cv-04370**

2273483

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege, that Plaintiffs cannot assert any contractual claims set forth in their Complaint because Plaintiffs prevented performance of said contract.

## ELEVENTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege, that the Complaint, and each purported cause of action, is barred by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure sections 337, et seq.; Bus. & Prof Code § 12708; and Insurance Code section 2071(a) and the provisions of the policy/policies.

## TWELFTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege, that Plaintiffs' claims are barred to the extent Plaintiffs have not exhausted the underlying Policy limits.

## THIRTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege, that Plaintiffs' claims are barred to the extent Plaintiffs seek recovery on

2273483

behalf of any entity or entities that are not insured under the Policies.

## FOURTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege, that they fairly, promptly, thoroughly and properly investigated, handled, and resolved all claims arising from the incidents alleged in the Complaint.

## FIFTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege, that Plaintiffs cannot assert any contractual claims set forth in his Complaint because Plaintiffs prevented performance of said contract.

## SIXTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege, that said Complaint fails to state facts sufficient to constitute a claim for exemplary or punitive damages pursuant to Section 3294 of the Civil Code.

## SEVENTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege, that Plaintiffs' Complaint, to the extent that it seeks exemplary or punitive

- 28 -

2273483

damages pursuant to §3294 of the Civil Code, violates these answering Defendants'

right to procedural due process under the Fourteenth Amendment of the United States

Constitution, and the Constitution of the State of California, and therefore fails to

state a cause of action upon which either punitive or exemplary damages can be

awarded.

### EIGHTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each

and every cause of action and/or claim for relief thereof, these answering Defendants

allege, that Plaintiffs' Complaint, to the extent that it seeks punitive or exemplary

damages pursuant to §3294 of the Civil Code, violates these answering Defendants'

rights to protection from "excessive fines" as provided in the Eighth Amendment of

the United States Constitution and Article I, Section 17, of the Constitution of the

State of California, and violates Defendants' rights to substantive due process as

provided in the Fifth and Fourteenth Amendments of the United States Constitution

and the Constitution of the State of California, and therefore fails to state a cause of

action supporting the punitive or exemplary damages claimed.

### NINETEENTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each

and every cause of action and/or claim for relief thereof, these answering Defendants

allege, that other parties or entities, unrelated to these answering Defendants, whether

2273483

or not current parties to this action, are or will be contractually or by implication obligated to indemnify these answering Defendants for any damages awarded to Plaintiffs against these answering Defendant.

### RESERVATION OF ADDITIONAL DEFENSES

These answering Defendants reserve their right to assert further and additional affirmative defenses and policy defenses based upon information that may be provided in the course of this litigation.

WHEREFORE, these answering Defendants pray for judgment as follows:

1. That Plaintiffs' Complaint be dismissed with prejudice;

2. That judgment is entered in favor of these answering Defendants on Plaintiffs' Complaint, declaring that Hanover and MBIC do not have a duty to defend and do not have a duty to indemnify Plaintiffs in the "Underlying Lawsuits" identified in Plaintiffs' Complaint;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems proper.


Dated:  May 21, 2025                    HAYES SCOTT BONINO
                                        ELLINGSON & GUSLANI LLP


                                        By: _/S/ Ryan Z Keller_____
                                        STEPHEN M. HAYES
                                        RYAN Z. KELLER
                                        Attorneys for Plaintiffs
                                        HANOVER INSURANCE COMPANY and
                                        MASSACHUSETTS BAY INSURANCE
                                        COMPANY

2273483

- 30 -

# DEMAND FOR JURY TRIAL

Defendants Massachusetts Bay Insurance Company and Hanover Insurance

Company hereby demand a trial by jury.


Dated:  May 21, 2025                         HAYES SCOTT BONINO
                                            ELLINGSON & GUSLANI LLP


                                    By:  /S/ Ryan Z Keller
                                            STEPHEN M. HAYES
                                            RYAN Z. KELLER
                                            Attorneys for Plaintiffs
                                            HANOVER INSURANCE COMPANY and
                                            MASSACHUSETTS BAY INSURANCE
                                            COMPANY

2273483