CHET A. KRONENBERG (SBN: 222335)
ckronenberg@stblaw.com
DYLAN MEIER (SBN: 334939)
dylan.meier@stblaw.com
SIMPSON THACHER & BARTLETT LLP
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067
Telephone: (310) 407-7500
Facsimile: (310) 407-7502

*Attorneys for Defendants The Charter Oak
Fire Insurance Company, Travelers Indemnity
Company of America, Travelers Indemnity
Company of Connecticut, and Travelers
Property Casualty Company of America*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC SHORE STONES, LLC; PACIFIC SHORE STONES BAKERSFIELD, LLC; and PACIFIC SHORE HOLDING, INC, <br><br> Plaintiffs, <br><br> vs. <br><br> ALLIED PROPERTY & CASUALTY COMPANY; CHARTER OAK FIRE INSURANCE COMPANY; CONTINENTAL INSURANCE COMPANY; GREAT WEST CASUALTY COMPANY; HANOVER INSURANCE COMPANY; MASSACHUSETTS BAY INSURANCE COMPANY; THE TRAVELERS INDEMNITY COMPANY OF AMERICA; THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT; TRAVELERS PROPERTY & CASUALTY COMPANY OF AMERICA; VALLEY FORGE INSURANCE COMPANY; AND DOES 1-20. <br><br> Defendants. | Case No.: 2:25-cv-04370-MCS-AS <br><br> **TRAVELERS' ANSWER TO PLAINTIFFS' COMPLAINT** <br><br> District Judge: Hon. Mark C. Scarsi <br> Magistrate Judge: Hon. Alka Sagar |

Defendants The Charter Oak Fire Insurance Company, Travelers Indemnity Company of America, Travelers Indemnity Company of Connecticut and Travelers Property Casualty Company of America (collectively, "Travelers") answering Plaintiffs' Complaint for Declaratory Relief (the "Complaint"), state as follows:

## NATURE OF THIS LAWSUIT

1.      Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, except admits that Pacific Shore Stones Bakersfield, LLC and Pacific Shore Holding, Inc. are insureds under one or more of the insurance policies in the Complaint and that they seek a declaration of their rights under such insurance policies.

2.      Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, except admits that Pacific Shore has been named as a defendant in various artificial stone silicosis lawsuits pending in California state courts, including Los Angeles County Superior Court, and refers to the underlying complaints in these actions for the allegations therein.

3.      Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, except admits that it issued certain insurance policies to Plaintiffs covering the time periods of April 30, 2015 to April 30, 2016, April 30, 2020 to April 30, 2022 and April 30, 2023 to April 30, 2024 and refers to these policies for their precise terms and conditions.

4.      Paragraph 4 consists of Plaintiffs' characterization of their purported claims and requests for relief, to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 4.

5.      Paragraph 5 consists of Plaintiffs' characterization of their purported claims and requests for relief, to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 5, except admits that Plaintiffs have sued Defendants to obtain declaratory relief.

**THE PARTIES**

6.      Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.      Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.      Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.      The allegations in paragraph 9 do not relate to Plaintiffs' claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.      Travelers admits that Defendant Charter Oak Fire Insurance Company is a Connecticut corporation with its principal place of business in Hartford, Connecticut and that it issued certain insurance policies to Pacific Shore.  The remaining allegations in paragraph 10 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 10.

11.      The allegations in paragraph 11 do not relate to Plaintiffs' claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.      The allegations in paragraph 12 do not relate to Plaintiffs' claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.     The allegations in paragraph 13 do not relate to Plaintiffs' claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.     The allegations in paragraph 14 do not relate to Plaintiffs' claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.     Travelers denies that Defendant Travelers Indemnity Company of America is a Georgia corporation but admits that its principal place of business is in Hartford, Connecticut and that it issued certain insurance policies to Pacific Shore.  The remaining allegations in paragraph 15 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 15.

16.     Travelers admits that Defendant Travelers Indemnity Company of Connecticut is a Connecticut corporation with its principal place of business in Hartford, Connecticut and that it issued certain insurance policies to Pacific Shore. The remaining allegations in paragraph 16 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 16.

17.     Travelers admits that Defendant Travelers Property Casualty Company of America is a Connecticut corporation with its principal place of business in Hartford, Connecticut and that it issued certain insurance policies to Pacific Shore.  The remaining allegations in paragraph 17 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 17.

18.     The allegations in paragraph 18 do not relate to Plaintiffs' claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.     The allegations in paragraph 19 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, Travelers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.     Travelers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

## JURISDICTION AND VENUE

21.     The allegations in paragraph 21 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, Travelers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, except admits that the Court has jurisdiction over it.

22.     The allegations in paragraph 22 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, Travelers (i) admits that it has conducted business in the State of California and the County of Los Angeles; (ii) denies that it issued "the insurance policy to Rosecrans that is the subject of this action, which expressly covered a property located in Los Angeles County, California"; and (iii) is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 not directed at Travelers.

23.     The allegations in paragraph 23 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 23, except (i) admits that it has

1  underwritten, marketed, issued, collected premiums and derived revenues from

2  insurance policies issued in the California market and that the Court may exercise

3  personal jurisdiction over it; and (ii) is without knowledge or information sufficient

4  to form a belief as to the truth of the allegations in paragraph 23 not directed at

5  Travelers.

6      24.    The allegations in paragraph 24 constitute legal conclusions and legal

7  argument to which no response is required.  To the extent a response is required,

8  Travelers denies the allegations in paragraph 24, except admits that the Underlying

9  Lawsuits are venued in Los Angeles County.

10  **FACTUAL BACKGROUND**

11  **I.    The Underlying Lawsuits**

12      25.    Travelers is without knowledge or information sufficient to form a

13  belief as to the truth of the allegations in paragraph 25, except admits that Pacific

14  Shore has been named as a defendant in various artificial stone silicosis lawsuits

15  pending in California state courts, including Los Angeles, and refers to the

16  underlying complaints in these actions for the allegations therein.

17      26.    Travelers is without knowledge or information sufficient to form a

18  belief as to the truth of the allegations in paragraph 26, except admits that Pacific

19  Shore has been named a defendant in the litigation captioned *Cesar Manuel*

20  *Gonzalez Quiroz v. American Marble & Onyx Company, Inc., et al.*, Case No.

21  24STCV01477 (Los Angeles Superior Court), and refers to the underlying

22  complaint for the allegations therein.

23      27.    Travelers is without knowledge or information sufficient to form a

24  belief as to the truth of the allegations in paragraph 27.  To the extent a response is

25  required, Travelers denies the allegations in paragraph 27, except admits that the

26  complaint in *Quiroz* alleges exposure to silica, metal dust and other toxins, and that

27  certain other underlying complaints make allegations similar to those in *Quiroz*,

28  and refers to the Underlying Lawsuits for the allegations therein.

28.    Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, except admits that Pacific Shore has been named a defendant in various Underlying Lawsuits.

29.    The allegations in paragraph 29 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 29.

**II.    The Policies**

30.    Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, except admits that it issued certain insurance policies to one or more of the Plaintiffs.

31.    Travelers denies the allegations in Paragraph 31 directed to it, except admits that it issued certain insurance policies for certain periods of time to Plaintiffs and refers to these policies for their precise terms and conditions. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 directed to other defendants.

32.    Travelers denies the allegations in Paragraph 32 directed to it, except admits that it issued certain primary policies for certain periods of time to Plaintiffs and refers to these policies for their precise terms and conditions.  Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 directed to other defendants.

33.    Travelers denies the allegations in Paragraph 33 directed to it, except admits that it issued umbrella policies for certain periods of time to Plaintiffs and refers to these policies for their precise terms and conditions.  Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 directed to other defendants.

34.    Travelers denies the allegations in Paragraph 34 directed to it, except admits that it issued umbrella policies for certain periods of time to Plaintiffs and refers to these policies for their precise terms and conditions.  Travelers is without

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 directed to other defendants.

35.    The allegations in paragraph 35 do not relate to Plaintiffs' claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36.    Travelers denies the allegations in paragraph 36, except admits that it issued Policy No. Y-630-7F90298A-COF-15, effective April 30, 2015 to April 30, 2016, and that it is a primary policy, and refers to the policy for a full and accurate rendition of its contents.

37.    The allegations in paragraph 37 do not relate to Plaintiffs' claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38.    The allegations in paragraph 38 do not relate to Plaintiffs' claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39.    The allegations in paragraph 39 do not relate to Plaintiffs' claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40.    The allegations in paragraph 40 do not relate to Plaintiffs' claims against Travelers, and therefore, Travelers has no obligation to respond to those

allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41.    Travelers denies the allegations in paragraph 41, except admits that it issued Policy Nos. Y-630-7P762086-TIA-20 and Y-630-7P762086-21, effective April 30, 2020 to April 30, 2021 and April 30, 2021 to April 30, 2022, respectively, and that they are primary policies, and refers to the policies for a full and accurate rendition of their contents.

42.    Travelers denies the allegations in paragraph 42, except admits that it issued Policy No. YSM-CUP-7F90298A-TCT-15, effective April 30, 2015 to April 30, 2016, and that it is an umbrella policy, and refers to the policy for a full and accurate rendition of its contents.

43.    Travelers admits the first sentence of paragraph 43.  Travelers denies the remaining allegations in paragraph 43, except admits that (i) the Travelers-PCA Policy contains a silica exclusion, and refers to the policy for a full and accurate rendition of its contents; and (ii) Plaintiffs do not currently seek coverage from Travelers-PCA for the Underlying Lawsuits.

44.    The allegations in paragraph 44 do not relate to Plaintiffs' claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45.    Travelers denies the allegations in paragraph 45, except (i) is without information sufficient to form a belief as to the allegations directed toward other defendants; and (ii) admits that Plaintiffs are reserving their right to amend the complaint.

46.    The allegations in paragraph 46 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required,

Travelers denies the allegations in paragraph 46 directed to it.

### III.    The Standards Applicable to Handling Insurance Claims

47.    The allegations in paragraph 47 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 47.

48.    The allegations in paragraph 48 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 48.

49.    The allegations in paragraph 49 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 49.

50.    The allegations in paragraph 50 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 50.

51.    The allegations in paragraph 51 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 51.

52.    The allegations in paragraph 52 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 52.

53.    The allegations in paragraph 53 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 53.

54.    The allegations in paragraph 54 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 54, except admits that there are disputes related to the Defendants' obligations under the insurance policies.

## IV.    <u>The Coverage Disputes</u>

55.    The allegations in paragraph 55 do not relate to Plaintiffs' claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56.    Paragraph 56 consists of Plaintiffs' characterization of their purported claims and requests for relief, to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 56 directed to it, but admits there is a dispute between Plaintiffs and defendants concerning the alleged duty to defend.

57.    Paragraph 57 consists of Plaintiffs' characterization of their purported claims and requests for relief, to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 57 directed to it, but admits that disputes may exist between Plaintiffs and defendants concerning whether defendants have an obligation to contribute to settlements.

58.    Paragraph 58 consists of Plaintiffs' characterization of their purported claims and requests for relief, to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 58 directed to it, but admits that disputes between Plaintiffs and defendants may exist with respect to the applicability of silica exclusions.

59.    Paragraph 59 consists of Plaintiffs' characterization of their purported claims and requests for relief, to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 59 directed to it, but admits that disputes may exist between Plaintiffs and defendants with respect to the applicability of pollution exclusions.

60.    Paragraph 60 consists of Plaintiffs' characterization of their purported claims and requests for relief, to which no response is required.  To the extent a

1  response is required, Travelers admits that disputes between Plaintiffs and

2  defendants may exist as to allocation of defense costs between multiple triggered

3  defendants.

4       61.    Paragraph 61 consists of Plaintiffs' characterization of their purported

5  claims and requests for relief, to which no response is required.  To the extent a

6  response is required, Travelers admits that disputes between Plaintiffs and

7  defendants may exist as to allocation of settlements between multiple triggered

8  defendants.

9  <center>**FIRST CAUSE OF ACTION**</center>

10       62.    Travelers repeats and realleges its answers to paragraph 1 to 61 as

11  though fully set forth herein.

12       63.    The allegations in paragraph 63 do not relate to Plaintiffs' claims

13  against Travelers, and therefore, Travelers has no obligation to respond to those

14  allegations.  To the extent a response is required, Travelers is without knowledge or

15  information sufficient to form a belief as to the truth of the allegations in paragraph

16  63.

17       64.    The allegations in paragraph 64 do not relate to Plaintiffs' claims

18  against Travelers, and therefore, Travelers has no obligation to respond to those

19  allegations.  To the extent a response is required, Travelers is without knowledge or

20  information sufficient to form a belief as to the truth of the allegations in paragraph

21  64.

22  <center>**SECOND CAUSE OF ACTION**</center>

23       65.    Travelers repeats and realleges its answers to paragraph 1 to 64 as

24  though fully set forth herein.

25       66.    Paragraph 66 consists of Plaintiffs' characterization of their purported

26  claims and requests for relief, to which no response is required.  To the extent a

27  response is required, Travelers denies the allegations in paragraph 66, except

28  admits that disputes exist between Plaintiffs and defendants concerning the alleged

1   duty to defend.

2       67.    The allegations in paragraph 67 constitute Plaintiffs' legal conclusions

3   to which no response is required.  To the extent a response is required, Travelers

4   denies the allegations in paragraph 67.

5               **THIRD CAUSE OF ACTION**

6       68.    Travelers repeats and realleges its answers to paragraph 1 to 67 as

7   though fully set forth herein.

8       69.    Paragraph 69 consists of Plaintiffs' characterization of their purported

9   claims and requests for relief, to which no response is required.  To the extent a

10   response is required, Travelers denies the allegations in paragraph 69, except

11   admits that disputes may exist between Plaintiffs and defendants concerning the

12   alleged duty to consider settlement demands.

13       70.    The allegations in paragraph 70 constitute Plaintiffs' legal contentions

14   to which no response is required.  To the extent a response is required, Travelers

15   denies the allegations in paragraph 70.

16              **FOURTH CAUSE OF ACTION**

17       71.    Travelers repeats and realleges its answers to paragraph 1 to 70 as

18   though fully set forth herein.

19       72.    Paragraph 72 consists of Plaintiffs' characterization of their purported

20   claims and requests for relief, to which no response is required.  To the extent a

21   response is required, Travelers denies the allegations in paragraph 72, except

22   admits that disputes may exist between Plaintiffs and defendants concerning the

23   applicability of silica exclusions.

24       73.    The allegations in paragraph 73 constitute legal conclusions to which

25   no response is required.  To the extent a response is required, Travelers denies the

26   allegations in paragraph 73.

27               **FIFTH CAUSE OF ACTION**

28       74.    Travelers repeats and realleges its answers to paragraph 1 to 73 as

though fully set forth herein.

75.     Paragraph 75 consists of Plaintiffs' characterization of their purported claims and requests for relief, to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 75, except admits that disputes may exist between Plaintiffs and defendants concerning the applicability of pollution exclusions.

76.     The allegations in paragraph 76 constitute legal conclusions to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 76.

<div align="center"><strong>SIXTH CAUSE OF ACTION</strong></div>

77.     Travelers repeats and realleges its answers to paragraph 1 to 76 as though fully set forth herein.

78.     Paragraph 78 consists of Plaintiffs' characterization of their purported claims and requests for relief, to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 78, except admits that disputes may exist between Plaintiffs and defendants concerning the allocation of defense costs between multiple triggered defendants.

79.     The allegations in paragraph 79 constitute legal conclusions to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 79.

<div align="center"><strong>SEVENTH CAUSE OF ACTION</strong></div>

80.     Travelers repeats and realleges its answers to paragraph 1 to 79 as though fully set forth herein.

81.     Paragraph 81 consists of Plaintiffs' characterization of their purported claims and requests for relief, to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 81, except admits that disputes may exist between Plaintiffs and defendants concerning the allocation of settlements between multiple triggered defendants.

82.    The allegations in paragraph 82 constitute legal conclusions to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 82.

### EIGHTH CAUSE OF ACTION

83.    Travelers repeats and realleges its answers to paragraph 1 to 82 as though fully set forth herein.

84.    Paragraph 84 consists of Plaintiffs' characterization of their purported claims and requests for relief, to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 84, except admits that disputes may arise between Plaintiffs and defendants concerning defendants' indemnity obligations.

85.    The allegations in paragraph 85 constitute legal conclusions to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 85.

### AFFIRMATIVE DEFENSES

86.    Travelers pleads the following as affirmative defenses to Plaintiffs' Complaint:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

87.    The Complaint, and each and every purported cause of action and/or legal theory alleged therein, fails to state facts sufficient to constitute a cause of action or claim upon which relief can be granted against Travelers.

### SECOND AFFIRMATIVE DEFENSE
### (Policy Terms, Exclusions, Conditions and Limitations)

88.    Travelers has no obligations to Plaintiffs to the extent coverage is barred based upon the terms, exclusions, conditions and limitations contained in the policies underlying Plaintiffs' allegations against Travelers (the "Policies").

## THIRD AFFIRMATIVE DEFENSE

### (Exhaustion of Underlying Policies)

89.    Plaintiffs' claims are barred to the extent Plaintiffs have not exhausted the underlying Policy limits.

## FOURTH AFFIRMATIVE DEFENSE

### (Non-Covered Entities)

90.    Plaintiffs' claims are barred to the extent Plaintiffs seek recovery on behalf of any entity or entities that are not insured under the Policies.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

91.    Travelers has no obligations to Plaintiffs to the extent that Plaintiffs have unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches, Waiver and/or Estoppel)

92.    Travelers has no obligations to Plaintiffs to the extent that Plaintiffs' claims are barred by the equitable doctrines of laches, waiver and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

93.    Travelers has no obligations to Plaintiffs to the extent Plaintiffs' claims are barred by any applicable statute of limitation, including, without limitation, California Code of Civil Procedure §§ 337, 338, 339, 340 and 343.

## EIGHTH AFFIRMATIVE DEFENSE

### (Limitations Period)

94.    Travelers is not liable for some or all of the losses claimed by Plaintiffs to the extent that Plaintiffs did not file this action within the two years following the date on which the direct physical loss or damage occurred as required under certain Policies of insurance under which Plaintiffs have purported to sue. Travelers has complied with California Code of Regulations, title 10, § 2695.4(a)

with respect to the limitation period.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Comply with Terms of Policy)

95.    Travelers has no obligations to Plaintiffs to the extent Plaintiffs have failed to comply fully with the terms of the Policies.

## TENTH AFFIRMATIVE DEFENSE
### (Limits of Liability)

96.    Travelers' obligations to Plaintiffs, if any, are subject to the limits contained in the Policies.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Damage Not Within Policy Period)

97.    Travelers has no obligations to Plaintiffs to the extent Plaintiffs' claims arise out of acts or omissions that occurred outside the effective period of each of the respective Policies.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Disclose Material Facts)

98.    Travelers has no obligations to Plaintiffs to the extent Plaintiffs failed to disclose or otherwise misrepresented facts that were material to the risks undertaken by Travelers.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Mitigation)

99.    Travelers' obligations to Plaintiffs, if any, are limited to the extent Plaintiffs failed to mitigate its damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Underlying Insurance)

100.    To the extent the Travelers Policies follow form to or otherwise incorporate the terms, limitations, exclusions or other provisions of any underlying insurance policy, and to the extent that Plaintiffs' claims are not covered or are

excluded under the terms, limitations, exclusions or other provisions of such underlying insurance policy, then such claims are also not covered or are excluded under the Travelers' Polices.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (No "Accident" or "Occurrence")

101.    Travelers has no obligations to Plaintiffs to the extent that Plaintiffs' underlying liability did not result from an "accident" or "occurrence" as those terms are used in the Policies.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Pollution Exclusion)

102.    There is no coverage under the Policies for any of the underlying claims to the extent that they are barred by a pollution exclusion contained in the Policies or in any of the policies to which the Travelers' Policies follow form.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Silica Exclusion)

103.    There is no coverage under the Policies for any of the underlying claims to the extent that they are barred by under the Silica Exclusion contained in the Policies or in any of the policies to which the Travelers' Policies follow form.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Ripeness)

104.    Plaintiffs' requests for declaratory relief are barred, in whole or in part, to the extent the relief sought is not ripe for adjudication and/or no actual controversy relating to the legal rights and duties of the respective parties exists.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Voluntary Payment)

105.    Plaintiffs' claims are barred in whole or in part by the voluntary payments doctrine.  For example, certain Policies state: "No insured will, except at that insured's own expense, voluntarily make a payment, assume any obligation,

make any admission or incur any expense, other than for first aid for 'bodily injury' covered by this insurance, without our consent."

## TWENTIETH AFFIRMATIVE DEFENSE

### (Duty to Cooperate)

106.   Plaintiffs' claims are barred in whole or in part to the extent they failed to cooperate with Travelers in the claims.  For example, certain Policies state: "You and any other involved insured must [c]ooperate with us in the investigation or settlement of the claim or defense against the 'suit'[.]"

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (California Insurance Code Sections 22, 250 and 353)

107.   Plaintiffs' claims fail to the extent that the claims arise from the intentional, willful, fraudulent and/or unlawful acts of Plaintiffs.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (California Insurance Code Section 533)

108.   California Insurance Code Section 533 prohibits insurers from indemnifying any insured for liability that results from willful conduct.  Plaintiffs' claims against Travelers are barred to the extent that they result from willful conduct.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Known Loss/Known Risk Doctrine)

109.   Coverage under the Policies is barred, in whole or in part, by the known loss, and/or known risk doctrines and/or related policy language.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Late Notice)

110.   Plaintiffs' claims against Travelers fail to the extent that the insured failed to timely notify Travelers of any claimed loss under the terms of the Policies.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

111.   Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs would be unjustly enriched if it were to recover any sum of money.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Consent)**

112.   Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have consented to the acts, conduct or omissions that Plaintiffs allege caused or contributed to its alleged losses, damages and/or injuries.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Set Off)**

113.   To the extent coverage under Travelers Policies is proven to exist for Plaintiffs' alleged claims, which is expressly denied, Travelers is entitled to offset and recoup against any judgment that may be entered for Plaintiffs or any recoveries Plaintiffs may have already obtained from other sources, including, but not limited to, settlement with other insurers.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Allocation; Contribution)**

114.   If and to the extent any person or entity has any responsibility for payment of the amounts that Plaintiffs claim against Travelers, the doctrines of allocation, equitable indemnity, equitable contribution, and/or subrogation require that any recovery against Travelers must be reduced accordingly.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Allocation Among Policy Periods and Policies)**

115.   Any liability (or declaration of liability) of Travelers is limited to and must be allocated among those applicable periods of coverage during which the alleged damage and/or injury actually occurred, including an allocation to policies issued by insurers other than Travelers.

## THIRTIETH AFFIRMATIVE DEFENSE
### (No Pre-Tender Relief)

116.   Plaintiffs are not entitled to pre-tender relief of any nature whatsoever under the Policies and applicable law, including fees or costs incurred prior to tender of the underlying lawsuits to Travelers.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Spoliation of Evidence)

117.   The Complaint is barred to the extent that Plaintiffs have destroyed evidence, lost evidence, allowed evidence to be lost, suppressed evidence, or failed to preserve evidence.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Incorporation of Defenses)

118.   Travelers hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendants such that Travelers may share in such defense or defenses.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Other Defenses)

119.   Travelers currently has insufficient information upon which to allege the existence of additional, as yet unstated, affirmative defenses.  Travelers reserves the right to assert additional affirmative defenses based on what is disclosed in discovery.

\*        \*        \*

WHEREFORE, Travelers pray for judgment as follows:

1.      That Plaintiffs take nothing by the Complaint and receive no declarations against Travelers by reason of the Complaint and its claims for declaratory relief;

2.      Declaring that Plaintiffs are not entitled to any relief whatsoever against Travelers;

3.      For declaratory and other relief consistent with Travelers' defenses set forth herein;

4.      That Travelers be awarded the costs of suit herein; and

5.      For such other and further relief as the Court deems just and proper.

Dated:  May 21, 2025                    SIMPSON THACHER & BARTLETT LLP


                                        By:    */s/ Chet A. Kronenberg*
                                               Chet A. Kronenberg

                                        *Attorneys for Defendants The Charter Oak Fire Insurance Company, Travelers Indemnity Company of America, Travelers Indemnity Company of Connecticut, and Travelers Property Casualty Company of America*