Alexander E. Potente (State Bar No. 208240)
alex.potente@clydeco.us
Brian D. Harrison (State Bar No. 157123)
brian.harrison@clydeco.us
David M. Rhodes (State Bar No. 214493)
CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile: (415) 365-9801

Attorneys For Defendants Continental
Ins. Co. and Valley Forge Ins. Co.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC SHORE STONES, LLC; PACIFIC SHORE STONES BAKERSFIELD, LLC; and PACIFIC SHORE HOLDING, INC, <br><br> Plaintiffs, <br><br> v. <br><br> ALLIED PROPERTY & CASUALTY COMPANY; CHARTER OAK FIRE INSURANCE COMPANY; CONTINENTAL INSURANCE COMPANY; GREAT WEST CASUALTY COMPANY; HANOVER INSURANCE COMPANY; MASSACHUSETTS BAY INSURANCE COMPANY; THE TRAVELERS INDEMNITY COMPANY OF AMERICA; THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT; TRAVELERS PROPERTY & CASUALTY COMPANY OF AMERICA; VALLEY FORGE INSURANCE COMPANY; and | Case No. 2:25-cv-04370-MCS (ASx) <br><br> **ANSWER OF CONTINENTAL INSURANCE COMPANY AND VALLEY FORGE INSURANCE COMPANY TO PLAINTIFF'S COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Action Filed:  April 11, 2025 <br> Trial Date:  None Set |

1  DOES 1-20,

2      Defendants.

3

4

5      Defendants Continental Insurance Company and Valley Forge Insurance

6  Company (together "CNA") hereby answer Plaintiffs' Complaint For Declaratory

7  Relief (the "Complaint") and admit or deny the specific allegations of the Complaint

8  and state affirmative defenses, as follows.  CNA responds with respect to the

9  Complaint's allegations directed to CNA, not the allegations directed against other

10 defendants.  Except as expressly admitted, CNA denies each and every allegation in

11 the Complaint.

12 **ANSWER**

13 **OVERVIEW OF ACTION**

14     1.    Responding to paragraph 1 of the Complaint, CNA has insufficient

15 knowledge or information to form a belief concerning the truth of the factual

16 allegations contained in the paragraph and on that basis denies them.[1]

17     2.    Responding to paragraph 2 of the Complaint, CNA admits that Pacific

18 Shore has been sued in numerous lawsuits alleging that it is liable for bodily injuries

19 allegedly caused by alleged exposure to substances allegedly present in stone

20 products allegedly distributed by Pacific Shore.  The specific allegations of the many

21 complaints against Pacific Shore speak for themselves.  With respect to the

22 remaining factual allegations of this paragraph, CNA has insufficient knowledge or

23 information to form a belief concerning the truth of allegations contained therein,

24 and on that basis denies them.

25

26

27 _____

[1] Responding to the footnote in paragraph 1 of the Complaint, CNA denies  that
28 Pacific Shore Stones Bakersfield, LLC and Pacific Shore Holding, Inc. are
insureds under one or more of the insurance policies addressed in the Complaint.
CNA denies the remaining factual allegations in this paragraph.

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

3.      Responding to paragraph 3 of the Complaint, CNA admits that Continental Insurance Company and Valley Forge Insurance Company are insurance companies that issued insurance policies to one or more of the plaintiffs between 2004 and present and that these CNA policies provide coverage pursuant to all of their terms, conditions, limitations, exclusions, and endorsements.  The paragraph does not provide a complete and accurate statement of all the terms, conditions, limitations, exclusions, and endorsements of the CNA policies.  With respect to the remaining factual allegations of this paragraph, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

4.      Responding to paragraph 4 of the Complaint, CNA admits that disputes have arisen between CNA and one or more of the plaintiffs related to the coverage provided by the CNA policies for multiple lawsuits against plaintiffs.  The paragraph does not provide a complete and accurate statement of these disputes. With respect to the remaining factual allegations of this paragraph, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

5.      Responding to paragraph 5 of the Complaint, CNA denies that it committed any breaches of contract, breaches of the implied covenant of good faith and fair dealing, or other wrongful conduct.

### PARTIES

6.      Responding to paragraph 6 of the Complaint, CNA admits that Pacific Shore Stones LLC is a limited liability company formed under the laws of the State of California.   With respect to the remaining factual allegations of this paragraph, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

7.      Responding to paragraph 7 of the Complaint, CNA admits that Pacific Shore Stones Bakersfield LLC is a limited liability company formed under the laws

of the State of California.   With respect to the remaining factual allegations of this paragraph, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

8.    Responding to paragraph 8 of the Complaint, CNA admits that Pacific Shore Holding Inc. is a Texas corporation with its principal place of business in Texas.

9.    Responding to paragraph 9 of the Complaint, CNA has insufficient knowledge or information to form a belief concerning the truth of the allegations contained therein, and on that basis denies them.

10.    Responding to paragraph 10 of the Complaint, CNA has insufficient knowledge or information to form a belief concerning the truth of the allegations contained therein, and on that basis denies them.

11.    Responding to paragraph 11 of the Complaint, CNA admits that Continental Insurance Company is (i) a Pennsylvania corporation with its principal place of business in Chicago, Illinois and (ii) that it is admitted to transact the business of insurance in California.  CNA denies the remaining allegations in this paragraph.

12.    Responding to paragraph 12 of the Complaint, CNA has insufficient knowledge or information to form a belief concerning the truth of the allegations contained therein, and on that basis denies them.

13.    Responding to paragraph 13 of the Complaint, CNA has insufficient knowledge or information to form a belief concerning the truth of the allegations contained therein, and on that basis denies them.

14.    Responding to paragraph 14 of the Complaint, CNA has insufficient knowledge or information to form a belief concerning the truth of the allegations contained therein, and on that basis denies them.

///

///

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

15. Responding to paragraph 15 of the Complaint, CNA has insufficient knowledge or information to form a belief concerning the truth of the allegations contained therein, and on that basis denies them.

16. Responding to paragraph 16 of the Complaint, CNA has insufficient knowledge or information to form a belief concerning the truth of the allegations contained therein, and on that basis denies them.

17. Responding to paragraph 17 of the Complaint, CNA has insufficient knowledge or information to form a belief concerning the truth of the allegations contained therein, and on that basis denies them.

18. Responding to paragraph 18 of the Complaint, CNA admits that Valley Forge Insurance Company is (i) a Pennsylvania corporation with its principal place of business in Chicago, Illinois and (ii) that it is admitted to transact the business of insurance in California. CNA denies the remaining allegations in this paragraph.

19. Responding to paragraph 19 of the Complaint, CNA has insufficient knowledge or information to form a belief concerning the truth of the allegations contained therein, and on that basis denies them.

20. Responding to paragraph 20 of the Complaint, CNA has insufficient knowledge or information to form a belief concerning the truth of the allegations contained therein, and on that basis denies them.

## JURISDICTION AND VENUE

21. Responding to paragraph 21 of the Complaint, it does not contain any allegations for CNA to admit or deny because it contains only conclusions of law to which no answer is required. To the extent that any such allegation is not deemed to be a conclusion of law, CNA denies that the Superior Court of California for County of Los Angeles has jurisdiction over this case since it has been removed to the United States District Court for the Central District of California.

22. Responding to paragraph 22 of the Complaint, CNA admits that it is subject to specific personal jurisdiction in California with respect to plaintiffs'

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

Complaint but denies that it is subject to general personal jurisdiction in California. With respect to the remaining factual allegations of this paragraph, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

23.     Responding to paragraph 23 of the Complaint, CNA admits that it is subject to specific personal jurisdiction in California with respect to plaintiffs' Complaint. With respect to the remaining factual allegations of this paragraph, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

24.     Responding to paragraph 24 of the Complaint, CNA admits that venue with respect to plaintiffs' Complaint is proper in courts located in Los Angeles County, California. With respect to the remaining factual allegations of this paragraph, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

## FACTUAL BACKGROUND

### The Underlying Lawsuits

25.     Responding to paragraph 25 of the Complaint, CNA avers that the paragraph is not a full and complete summary of the allegations in the many underlying lawsuits against plaintiffs and that those complaints speak for themselves. With respect to the remaining factual allegations of this paragraph, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

26.     Responding to paragraph 26 of the Complaint, CNA admits that the third amended complaint in the *Quiroz* case names Pacific Shore Stones LLC and about 70 other defendants and that the language quoted from that complaint is accurate. CNA avers that this paragraph is not a full and complete summary of the allegations in that third amended complaint. With respect to the remaining factual allegations of this paragraph, CNA has insufficient knowledge or information to

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

ANSWER OF CONTINENTAL INSURANCE COMPANY AND VALLEY FORGE INSURANCE COMPANY

form a belief concerning the truth of allegations contained therein, and on that basis denies them.

27.    Responding to paragraph 27 of the Complaint, CNA has insufficient knowledge or information to form a belief concerning the truth of the allegations contained therein, and on that basis denies them.  Whether the allegations in the *Quiroz* case are "similar to" the allegations in other actions against plaintiffs would require a careful comparison of the allegations of each complaint and specific standards by which to measure such "similarity".

28.    Responding to paragraph 28 of the Complaint, it does not contain any factual allegations for CNA to admit or deny because it contains plaintiffs' list of the lawsuits comprising the "Underlying Lawsuits", including unspecified "similar" lawsuits that may be filed in the future.  To the extent that any allegation requires a response, CNA denies it.

29.    Responding to paragraph 29 of the Complaint, CNA has insufficient knowledge or information to form a belief concerning the truth of the allegations contained therein, and on that basis denies them.

**The Policies**

30.    Responding to paragraph 30 of the Complaint, CNA admits that Continental Insurance Company and Valley Forge Insurance Company are insurance companies that issued insurance policies to one or more of the plaintiffs and that one or more of the plaintiffs qualify as insured under such policies.

31.    Responding to paragraph 31 of the Complaint, CNA admits that it issued insurance policies to one or more of the plaintiffs and that these CNA policies provide coverage pursuant to all of their terms, conditions, limitations, exclusions, and endorsements.  The paragraph does not provide a complete and accurate statement of all the terms, conditions, limitations, exclusions, and endorsements of the CNA policies.  With respect to the remaining factual allegations of this paragraph, CNA has insufficient knowledge or information to

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

ANSWER OF CONTINENTAL INSURANCE COMPANY AND VALLEY FORGE INSURANCE COMPANY

1    form a belief concerning the truth of allegations contained therein, and on that basis

2    denies them.

3        32.    Responding to paragraph 32 of the Complaint, CNA admits that it

4    issued primary policies to one or more plaintiffs.  These CNA primary policies

5    provide coverage pursuant to all of their terms, conditions, limitations, exclusions,

6    and endorsements.  The paragraph does not provide a complete and accurate

7    statement of all the terms, conditions, limitations, exclusions, and endorsements of

8    these CNA policies.  With respect to the remaining factual allegations of this

9    paragraph, CNA has insufficient knowledge or information to form a belief

10   concerning the truth of allegations contained therein, and on that basis denies them.

11       33.    Responding to paragraph 33 of the Complaint, CNA admits that it

12   issued excess or umbrella policies to one or more plaintiffs.  These CNA excess or

13   umbrella policies provide coverage pursuant to all of their terms, conditions,

14   limitations, exclusions, and endorsements.  The paragraph does not provide a

15   complete and accurate statement of all the terms, conditions, limitations, exclusions,

16   and endorsements of these CNA policies.  With respect to the remaining factual

17   allegations of this paragraph, CNA has insufficient knowledge or information to

18   form a belief concerning the truth of allegations contained therein, and on that basis

19   denies them.

20       34.    Responding to paragraph 34 of the Complaint, it does not contain any

21   allegations for CNA to admit or deny because it contains only conclusions of law to

22   which no answer is required.  To the extent that any such allegation is not deemed

23   to be a conclusion of law, CNA denies it.

24       35.    Responding to paragraph 35 of the Complaint, CNA has insufficient

25   knowledge or information to form a belief concerning the truth of allegations

26   contained therein, and on that basis denies them.

27   ///

28   ///

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

36.     Responding to paragraph 36 of the Complaint, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

37.     Responding to paragraph 37 of the Complaint, CNA admits that it or one of its affiliates issued at least three commercial umbrella liability policies with effective periods of April 30, 2017 to April 20, 2018, April 30, 2018 to April 30, 2019 and April 30, 2019 to April 20, 2020.   These policies provide coverage pursuant to all of their terms, conditions, limitations, exclusions, and endorsements. The paragraph does not provide a complete and accurate statement of all the terms, conditions, limitations, exclusions, and endorsements of these policies.  To the extent the Complaint alleges that plaintiffs are entitled to defense and indemnity coverage under these CNA policies for all of the Underlying Lawsuits asserting injury from exposure to allegedly harmful silica, metals and/or volatile organic compounds during the policy periods of such policies, CNA denies such allegations.  With respect to the remaining factual allegations of this paragraph, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

38.     Responding to paragraph 38 of the Complaint, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

39.     Responding to paragraph 39 of the Complaint, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

40.     Responding to paragraph 40 of the Complaint, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

///

///

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

41.     Responding to paragraph 41 of the Complaint, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

42.     Responding to paragraph 42 of the Complaint, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

43.     Responding to paragraph 43 of the Complaint, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

44.     Responding to paragraph 44 of the Complaint, CNA admits that it or one of its affiliates issued commercial general liability policies for the effective periods listed in paragraph 37 above under which one or more plaintiffs are insureds.  These policies provide coverage pursuant to all of their terms, conditions, limitations, exclusions, and endorsements.  The paragraph does not provide a complete and accurate statement of all the terms, conditions, limitations, exclusions, and endorsements of these policies.  To the extent the Complaint alleges that plaintiffs are entitled to defense and indemnity coverage under these CNA policies for all of the Underlying Lawsuits asserting injury from exposure to allegedly harmful silica, metals and/or volatile organic compounds during the policy periods of such policies, CNA denies such allegations.   With respect to the remaining factual allegations of this paragraph, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

45.     Responding to paragraph 45 of the Complaint, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

46.     Responding to paragraph 46 of the Complaint, CNA denies the allegations of this paragraph with respect to the CNA policies.  With respect to the

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

remaining factual allegations of this paragraph, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

**The Standards Applicable to Handling Insurance Claims**

47.     Responding to paragraph 47 of the Complaint, it does not contain any allegations for CNA to admit or deny because it contains only conclusions of law to which no answer is required.  To the extent that any such allegation is not deemed to be a conclusion of law, CNA denies it.

48.     Responding to paragraph 48 of the Complaint, it does not contain any allegations for CNA to admit or deny because it contains only conclusions of law to which no answer is required.  To the extent that any such allegation is not deemed to be a conclusion of law, CNA denies it.

49.     Responding to paragraph 49 of the Complaint, it does not contain any allegations for CNA to admit or deny because it contains only conclusions of law to which no answer is required.  To the extent that any such allegation is not deemed to be a conclusion of law, CNA denies it.

50.     Responding to paragraph 50 of the Complaint, it does not contain any allegations for CNA to admit or deny because it contains only conclusions of law to which no answer is required.  To the extent that any such allegation is not deemed to be a conclusion of law, CNA denies it.

51.     Responding to paragraph 51 of the Complaint, it does not contain any allegations for CNA to admit or deny because it contains only conclusions of law to which no answer is required.  To the extent that any such allegation is not deemed to be a conclusion of law, CNA denies it.

52.     Responding to paragraph 52 of the Complaint, it does not contain any allegations for CNA to admit or deny because it contains only conclusions of law to which no answer is required.  To the extent that any such allegation is not deemed to be a conclusion of law, CNA denies it.

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

53.     Responding to paragraph 53 of the Complaint, it does not contain any allegations for CNA to admit or deny because it contains only conclusions of law to which no answer is required.  To the extent that any such allegation is not deemed to be a conclusion of law, CNA denies it.

54.     Responding to paragraph 54 of the Complaint, CNA admits that plaintiffs dispute CNA's coverage positions with respect to one or more silica-related lawsuits against them.  With respect to the remaining factual allegations of this paragraph, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

### The Coverage Disputes

55.     Responding to paragraph 55 of the Complaint, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

56.     Responding to paragraph 56 of the Complaint, CNA denies that it is obligated to defend plaintiffs in any of the Underlying Lawsuits and admits that plaintiffs disputes this.  With respect to the remaining factual allegations of this paragraph, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

57.     Responding to paragraph 57 of the Complaint, CNA denies that it is obligated to settle any of the Underlying Lawsuits against plaintiffs or contribute to a settlement.  This paragraph contains conclusions of law to which no answer is required.  To the extent that any such allegation is not deemed to be a conclusion of law, CNA denies it.  With respect to the remaining factual allegations of this paragraph, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

58.     Responding to paragraph 58 of the Complaint, CNA admits that silica exclusions in the CNA policies exclude coverage for some or all Underlying Lawsuits against plaintiffs and that CNA has disclaimed both defense and

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

indemnification under the relevant CNA policies with respect to certain lawsuits tendered to CNA. This paragraph contains conclusions of law to which no answer is required. To the extent that any such allegation is not deemed to be a conclusion of law, CNA denies it. With respect to the remaining factual allegations of this paragraph, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

59. Responding to paragraph 59 of the Complaint, CNA admits that pollution exclusions in the CNA policies may exclude coverage for some or all Underlying Lawsuits against plaintiffs. This paragraph contains conclusions of law to which no answer is required. To the extent that any such allegation is not deemed to be a conclusion of law, CNA denies it. With respect to the remaining factual allegations of this paragraph, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

60. Responding to paragraph 60 of the Complaint, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

61. Responding to paragraph 61 of the Complaint, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

## FIRST CAUSE OF ACTION
### (Declaratory Relief — Allied Policies)

62. Responding to paragraph 62 of the Complaint, CNA realleges and incorporates by reference all of its statements in the preceding paragraphs above as though fully set forth herein.

63. Responding to paragraph 63 of the Complaint, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

64.     Responding to paragraph 64 of the Complaint, CNA has insufficient knowledge or information to form a belief concerning the truth of allegations contained therein, and on that basis denies them.

## SECOND CAUSE OF ACTION
## (Declaratory Relief — Duty to Defend)

65.     Responding to paragraph 65 of the Complaint, CNA realleges and incorporates by reference all of its statements in the preceding paragraphs above as though fully set forth herein.

66.     Responding to paragraph 66 of the Complaint, CNA denies each and every allegation contained therein with respect to CNA.

67.     Responding to paragraph 67 of the Complaint, CNA denies each and every allegation contained therein with respect to CNA.

## THIRD CAUSE OF ACTION
## (Declaratory Relief — Duty to Consider Settlement Demands)

68.     Responding to paragraph 68 of the Complaint, CNA realleges and incorporates by reference all of its statements in the preceding paragraphs above as though fully set forth herein.

69.     Responding to paragraph 69 of the Complaint, CNA denies each and every allegation contained therein with respect to CNA.

70.     Responding to paragraph 70 of the Complaint, CNA denies each and every allegation contained therein with respect to CNA.

## FOURTH CAUSE OF ACTION
## (Declaratory Relief — Alleged Silica-Related Exclusions)

71.     Responding to paragraph 71 of the Complaint, CNA realleges and incorporates by reference all of its statements in the preceding paragraphs above as though fully set forth herein.

72.     Responding to paragraph 72 of the Complaint, CNA denies each and every allegation contained therein with respect to CNA.

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

73.    Responding to paragraph 73 of the Complaint, CNA denies each and every allegation contained therein with respect to CNA.

**FIFTH CAUSE OF ACTION**
**(Declaratory Relief — Alleged Pollutant or Contaminant Exclusions)**

74.    Responding to paragraph 74 of the Complaint, CNA realleges and incorporates by reference all of its statements in the preceding paragraphs above as though fully set forth herein.

75.    Responding to paragraph 75 of the Complaint, CNA denies each and every allegation contained therein with respect to CNA.

76.    Responding to paragraph 76 of the Complaint, CNA denies each and every allegation contained therein with respect to CNA.

**SIXTH CAUSE OF ACTION**
**(Declaratory Relief — Allocation Of Defense Costs Between Multiple Triggered Defendants)**

77.    Responding to paragraph 77 of the Complaint, CNA realleges and incorporates by reference all of its statements in the preceding paragraphs above as though fully set forth herein.

78.    Responding to paragraph 78 of the Complaint, CNA denies each and every allegation contained therein with respect to CNA.

79.    Responding to paragraph 79 of the Complaint, CNA denies each and every allegation contained therein with respect to CNA.

**SEVENTH CAUSE OF ACTION**
**(Declaratory Relief — Allocation Of Settlements Between Multiple Triggered Defendants)**

80.    Responding to paragraph 80 of the Complaint, CNA realleges and incorporates by reference all of its statements in the preceding paragraphs above as though fully set forth herein.

81.    Responding to paragraph 81 of the Complaint, CNA denies each and every allegation contained therein with respect to CNA.

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

82.    Responding to paragraph 82 of the Complaint, CNA denies each and every allegation contained therein with respect to CNA.

### EIGHTH CAUSE OF ACTION
### (Declaratory Relief - Indemnity Obligations)

83.    Responding to paragraph 83 of the Complaint, CNA realleges and incorporates by reference all of its statements in the preceding paragraphs above as though fully set forth herein.

84.    Responding to paragraph 84 of the Complaint, CNA denies each and every allegation contained therein with respect to CNA.

85.    Responding to paragraph 85 of the Complaint, CNA denies each and every allegation contained therein with respect to CNA.

### PRAYER FOR RELIEF

Responding to the Complaint's Prayer For Relief, CNA denies that plaintiffs are entitled to any relief against CNA, including any declaration that CNA owes them coverage for defense or indemnity.

### AFFIRMATIVE DEFENSES

By asserting the affirmative defenses herein, CNA does not admit or allege that it bears the burden of proof or persuasion of any matter related to any of the affirmative defenses.  Additionally, all defenses are pleaded in the alternative and do not constitute an admission that Plaintiffs have been damaged in any way or are entitled to any relief.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

The Complaint, and each and every purported claim and cause of action therein, fails to state facts sufficient to constitute any cause of action against CNA.

///

///

///

## SECOND AFFIRMATIVE DEFENSE

### (Limitations Periods)

Plaintiffs' claims are barred, in whole or in part by the applicable periods of limitations, whether arising under common law, statute, or contract and including without limitation: California Code of Civil Procedure §§ 337, 338, 339, 340, and 343; Tex. Civ. Prac. & Rem. Code §§ 16.003, 16.004, 16.051; Tex. Ins. Code § 541.162; and Tex. Bus. & Comm. Code § 17.565.

## THIRD AFFIRMATIVE DEFENSE

### (Terms, Conditions, and Exclusions)

Plaintiffs' claims are excluded, barred, or limited by the insuring agreements, terms, definitions, conditions, exclusions, endorsements, and limitations in the CNA policies.

## FOURTH AFFIRMATIVE DEFENSE

### (Underlying Insurance)

To the extent the CNA policies follow form to or otherwise incorporate the insuring agreements, terms, definitions, conditions, exclusions, or other provisions of any underlying insurance policy, and to the extent Plaintiffs' claims are not covered or are excluded under the insuring agreements, terms, definitions, conditions, exclusions, or other provisions of such underlying insurance policy, then such claims are also not covered or are excluded under the CNA policies.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Allege Performance and Failure to Perform)

CNA has performed all obligations and conditions under the policies and applicable law, as required by law.  Plaintiffs have no right to assert or maintain any claim or cause of action against CNA, including a claim or cause of action for declaratory relief or other relief, to the extent that Plaintiffs have failed to perform and satisfy all conditions precedent to their rights, if any, to any benefits under the CNA policies.

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

## SIXTH AFFIRMATIVE DEFENSE

### (Untimely Notice)

CNA was substantially prejudiced by Plaintiffs' failure to give timely notice of the circumstances for which they claim coverage, and by Plaintiffs' incurring of expenses without the knowledge or consent of CNA.

## SEVENTH AFFIRMATIVE DEFENSE

### (Untimely Tender)

CNA was substantially prejudiced by Plaintiffs' failure to timely tender to CNA one or more lawsuits for which Plaintiffs claim coverage.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Pre-Tender Relief)

Plaintiffs are not entitled to any pre-tender relief of any nature whatsoever under the CNA policies and applicable law, including fees or costs incurred prior to tender of the underlying lawsuits to CNA.

## NINTH AFFIRMATIVE DEFENSE

### (No Voluntary Payments)

Plaintiffs are not entitled to any recovery or to any relief of any nature whatsoever in connection with or arising out of amounts voluntarily incurred, paid, or assumed without CNA's consent.

## TENTH AFFIRMATIVE DEFENSE

### (Pollution or Contamination Exclusions)

Coverage is barred in whole or in part by the pollution or contamination exclusions in the CNA policies or in any of the policies to which the CNA policies follow form.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Silica-Related Exclusions)

Coverage is barred in whole or in part by the silica-related exclusions in the CNA policies or in any of the policies to which the CNA policies follow form.

1

2

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs have failed to mitigate, minimize, or avoid any damages they allegedly sustained or will sustain.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

Plaintiffs have not suffered, and will not suffer, any damages as a result of any alleged action or inaction by CNA.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' claims, in whole or in part, are barred by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver or Estoppel)

Plaintiffs' claims, in whole or in part, are barred by the doctrines of waiver and estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' claims, in whole or in part, are barred by Plaintiffs' unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Prematurity; Ripeness; No Justiciable Controversy)

Plaintiffs' claims, in whole or in part, are barred because Plaintiffs' action is anticipatory, premature, and not ripe for adjudication. The Complaint, in whole or in part, fails to allege a currently *bona fide*, actual and present justiciable controversy between Plaintiffs and CNA.

///

///

///

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Prematurity; Ripeness; Excess Coverage)

Plaintiffs' claims, in whole or in part, are barred because Plaintiffs' action is anticipatory, premature, and not ripe for adjudication to the extent the insurance underlying the CNA excess/umbrella policies has not been exhausted.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Underlying Insurance Coverage)

Plaintiffs' claims may be barred or limited, in whole or in part, because Plaintiffs have not demonstrated proper exhaustion of the self-insured retention or underlying limits of the primary and umbrella insurance policies.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Losses Outside Policy Limits)

Any recovery by Plaintiffs, the existence and scope of which CNA expressly denies, cannot exceed the CNA policies' applicable limits of liability.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Advisory Opinion)

Plaintiffs' Complaint seeks an improper advisory opinion.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Substantial Controversy)

Plaintiffs' claims should be dismissed because there is no "substantial controversy" between Plaintiffs and CNA at this time.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Assumption of Liability)

Plaintiffs' claims for coverage are barred to the extent they arise out of liability assumed under contract, agreement, or otherwise entered into after the expiration of the CNA policies.

///

///

1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

2

(No "Property Damage," "Bodily Injury", or "Personal Injury" During Policy

3

Period)

4     Plaintiffs' claims are barred to the extent that the underlying lawsuits do not

5     arise from "property damage," "bodily injury", or "personal injury" occurring

6     during the policy periods as those terms are defined in the CNA policies.

7

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

8

(No Occurrence)

9     Plaintiffs' claims are barred to the extent that any alleged "property

10     damage," "bodily injury", or "personal injury" was not caused by an "occurrence"

11     as defined in the CNA policies, including without limitation damage that was

12     expected or intended and any "occurrence" that took place entirely prior to the first

13     policy period.

14

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

15

(Exclusion for Expected or Intended Injury)

16     CNA is informed and believes, and on that basis alleges, that Plaintiffs'

17     claims are barred, in whole or in part, to the extent the underlying lawsuits are

18     excluded from coverage by the Known Loss Exclusions contained in the CNA

19     policies or in any of the policies to which the CNA Policies follow form.

20

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

21

(No Fortuity; Known Loss)

22     Plaintiffs' claims are barred to the extent that acts, conditions, events,

23     claims, or damages were not fortuitous, contingent, or constituted a loss in progress

24     or a known loss prior to the inception of the CNA policies.

25

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

26

(Damages Uncertain)

27     On information and belief, any damages later claimed by Plaintiffs are

28     uncertain and, therefore, preclude calculation and recovery thereof.

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(Failure to Segregate Damages)

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to segregate covered damages from non-covered damages.

## THIRTIETH AFFIRMATIVE DEFENSE

(Breach of the Implied Covenant of Good Faith and Fair Dealing)

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' breach of the implied covenant of good faith and fair dealing.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(Breach of Assistance and Cooperation Requirement)

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' breach of the assistance and cooperation provisions in the CNA policies.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(Breach of California Civil Code § 2860)

Plaintiffs' claims are barred by the failure of Plaintiffs and their counsel to comply with the provisions of applicable law including without limitation California Civil Code section 2860(d).

## THIRTY-THIRD AFFIRMATIVE DEFENSE

(Non-Compliance With Law)

Plaintiffs' claims are barred to the extent that the events, conditions, claims, or damages that are the subject of the underlying lawsuits resulted, in whole or in part, from Plaintiffs' non-compliance with any governmental rule, regulation, order, or law.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Public Policy; California Insurance Code § 533; Applicable law)

Plaintiffs' claims are barred to the extent that the events, conditions, claims, or damages that are the subject of the underlying lawsuits fall within the scope of California Insurance Code section 533 or as to which coverage is otherwise barred

by statute, common law, or public policy, including without limitation with respect to insurability of punitive or exemplary damages.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Uninsurable Claims)

No duty to indemnify is owed, in whole or in part, to the extent any of the underlying lawsuits for which Plaintiffs seek coverage involve claims that are uninsurable under the applicable law, including but not limited to claims for punitive damages, fines, and/or penalties.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Reasonable and Necessary Fees and Costs)

To the extent that CNA has a duty to defend Plaintiffs against any of the underlying lawsuits, such duty is limited to payment for work, including attorneys' fees, that is reasonable and necessary in an amount that is reasonable and necessary to Plaintiffs' defense against such lawsuit(s) and no more.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Unreasonable Settlement)

CNA is informed and believes, and on that basis alleges, that Plaintiffs' claims are barred to the extent the amounts that Plaintiffs pay to settle any of the underlying lawsuits were unreasonable.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Non-Covered Entities or Persons)

Plaintiffs' claims are barred to the extent that Plaintiffs seeks recovery on behalf of any person(s) or entity(ies) that are not insureds under the CNA policies.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

(No Duty to Pay for Prosecution of Damages/Relief Claims)

To the extent that CNA has a duty to defend Plaintiffs against the underlying lawsuits, such duty does not include Plaintiffs' prosecution of affirmative claims for damages or other relief.

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

## FORTIETH AFFIRMATIVE DEFENSE

### (Misrepresentation or Concealment – Claims)

Coverage is barred under the CNA policies to the extent that Plaintiffs have committed fraud or concealed or misrepresented any material fact or circumstance in connection with its claims under the CNA policies.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Misrepresentation or Concealment – Policy Issuance)

Coverage is barred under the CNA policies to the extent that Plaintiffs negligently or intentionally failed to disclose, concealed, or misrepresented facts to CNA at or before the time the CNA policies were issued, which facts were material to the risks undertaken by CNA.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Damages Caused by Plaintiffs or Others)

Plaintiffs' claims are barred to the extent that Plaintiffs incurred, suffered, or sustained any damages and such damages were not caused by CNA but by the acts, omissions, and conduct of Plaintiffs, their agents, representatives and consultants or persons or entities other than CNA.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (No Recovery of Attorneys' Fees)

CNA alleges that the Complaint and each cause of action therein fail to state sufficient facts to constitute a valid claim for attorneys' fees.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Plead with Specificity - Punitive or Exemplary Damages)

The Complaint fails to state facts sufficient to warrant an award of punitive or exemplary damages -- including without limitation malice, fraud, and oppression -- with the specificity required by applicable law, including without limitation common law and California Civil Code § 3294.

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

## FORTY-FIFTH AFFIRMATIVE DEFENSE

(No Voluntary Payments)

CNA is informed and believes, and on that basis alleges, that no coverage exists under the CNA policies to the extent Plaintiffs voluntarily make any payments, assumed any obligations, or incurred any expenses, without CNA's consent.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

(Plaintiffs' Waiver or Compromise of CNA Rights)

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have waived or compromised CNA's rights for subrogation, contribution, or indemnity.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

(No Assignment)

Plaintiffs' claims are barred, in whole or in part, to the extent the CNA policies or any rights thereunder have been assigned in contravention of the terms and conditions of the CNA policies.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

(Other Insurance Provisions)

Plaintiffs' claims are barred, in whole or in part, by application of any "other insurance" provisions in the CNA policies.

## FORTY-NINTH AFFIRMATIVE DEFENSE

(Reimbursement or Offset – Payment by Others)

CNA is entitled to offset and/or reimbursement for any fees, costs, expenses paid by CNA to Plaintiffs or on behalf of Plaintiffs to the extent Plaintiffs receive payment or reimbursement for such fees, costs, or expenses from any other insurer(s) or from any other responsible party.

///

///

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

## FIFTIETH AFFIRMATIVE DEFENSE

### (Reimbursement or Offset – Plaintiffs)

CNA is entitled to offset and/or reimbursement for any fees, costs, or expenses paid by CNA to Plaintiffs, or on behalf of Plaintiffs, to the extent that such amounts paid by CNA were not for reasonable or necessary work to defend the underlying actions or not reasonable and necessary in amount for that purpose.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiffs' claims, and each of them, are barred in whole or in part because Plaintiffs' would be unjustly enriched if allowed to recover against CNA.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

### (Speculative/Uncertain Relief, Claims, Damages, Coverage Positions, and Claims Handling Conduct)

Plaintiffs' claims are barred or diminished, in whole or in part, to the extent that Plaintiffs' requested relief, claims, and purported damages constitute relief, claims, damages, or losses that are speculative and uncertain. This includes without limitation the complaint seeking relief: (1) for unspecified "Underlying Lawsuits" that "may be brought against the Plaintiffs" by unspecified underlying plaintiffs at some unknown time in the future; (2) for unspecified "settlement demands" that may be made by plaintiffs in the Underlying Lawsuits at unknown times in the future; (3) regarding alleged coverage positions not connected to a specific claim, underlying lawsuit, or settlement; and (4) regarding alleged claims handling actions/inactions not connected to a specific claim, underlying lawsuit, or settlement.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

### (Allocation; Contribution)

If and to the extent any other person or entity has any responsibility for payment of the amounts that Plaintiffs claim against CNA, the doctrines of

allocation, equitable indemnity, equitable contribution, and/or subrogation require that any recovery against CNA must be reduced accordingly.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

### (Allocation Among Policy Periods And Policies)

Any liability (or declaration of liability) of CNA is limited to and must be allocated among those applicable periods of coverage during which the alleged property damage, bodily injury, personal injuries, and/or injury actually occurred, including an allocation to policies issued by insurers other than CNA.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

### (Spoliation of Evidence)

The Complaint is barred to the extent that Plaintiffs have destroyed evidence, lost evidence, allowed evidence to be lost, suppressed evidence, or failed to preserve evidence.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

### (No Prejudice and No Waiver of Reserved Rights)

CNA has reserved all of its rights under the policies and applicable law. By asserting defenses to Plaintiffs' Complaint, CNA does not prejudice and continues to reserve all rights with respect to this continuing matter, and expressly reserves, and does not waive, the right to assert additional defenses or to assert claims against Plaintiffs as appropriate.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

### (Incorporation of Defenses)

CNA hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendants such that CNA may share in such defense or defenses.

///

///

///

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

### (Other Defenses – Reservation of Rights)

The Complaint does not describe the claims made against CNA with sufficient clarity and particularity to enable CNA to raise all appropriate defenses it may have. CNA, therefore, reserves the right to amend this Answer and to assert additional defenses once the precise nature of the claims is ascertained through discovery or otherwise.

## PRAYER

WHEREFORE, CNA prays for judgment as follows:

1. That Plaintiffs take nothing against CNA and receive no declarations against CNA by reason of the Complaint and its claims for declaratory relief;

2. Declaring that Plaintiffs are not entitled to any relief whatsoever against CNA;

3. For declaratory and other relief consistent with CNA's defenses set forth herein;

4. That CNA be awarded costs of suit herein; and

5. For such other and further relief as the Court deems just and proper.

Dated: May 21, 2025

CLYDE & CO US LLP

By: _/s/ Brian D. Harrison_
    Alex E. Potente
    Brian D. Harrison
    David M. Rhodes

Attorneys for Defendants Continental Ins. Co. and Valley Forge Ins. Co.

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

# **JURY TRIAL DEMAND**

Defendants Continental Insurance Company and Valley Forge Insurance Company hereby request a trial by jury on all claims in the Complaint which are triable to a jury.

Dated: May 21, 2025                                CLYDE & CO US LLP


By: /s/ *Brian D. Harrison*
       Alex E. Potente
       Brian D. Harrison
       David M. Rhodes

Attorneys for Defendants Continental
Ins. Co. and Valley Forge Ins. Co.

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800