**COZEN O'CONNOR**
Valerie D. Rojas, State Bar No. 180041
*vrojas@cozen.com*
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Telephone: 213.892.7900
Facsimile: 213.892.7999

Attorney for Defendant ALLIED
PROPERTY AND CASUALTY
INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC SHORE STONES, LLC; PACIFIC SHORE STONES BAKERSFIELD, LLC; and PACIFIC SHORE HOLDING, INC, | Case No.: 2:25-cv-04370 |
| Plaintiffs, | **ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT** |
| vs. | |
| ALLIED PROPERTY & CASUALTY COMPANY; CHARTER OAK FIRE INSURANCE COMPANY; CONTINENTAL INSURANCE COMPANY; GREAT WEST CASUALTY COMPANY; HANOVER INSURANCE COMPANY; MASSACHUSETTS BAY INSURANCE COMPANY; THE TRAVELERS INDEMNITY COMPANY OF AMERICA; THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT; TRAVELERS PROPERTY & CASUALTY COMPANY OF AMERICA; VALLEY FORGE INSURANCE COMPANY; AND DOES 1-20. | |
| Defendants. | |

Defendant Allied Property and Casualty Insurance Company ("Allied"), erroneously sued herein as Allied Property & Casualty Company, through their attorneys, Cozen O'Connor, answers Pacific Shore Stones, LLC, Pacific Shore

1

Stones Bakersfield, LLC and Pacific Shore Holding, Inc.'s (collectively "Plaintiffs")
Complaint as follows:

Except as expressly admitted or alleged herein, Allied denies all allegations of
the Complaint and denies Plaintiffs are entitled to the relief requested from Allied.

The first Paragraph of Plaintiffs' Complaint is unnumbered and contains no
statements or allegations which require a response from Allied. To the extent this
unnumbered Paragraph contains any allegations which require a response from
Allied, Allied admits that Plaintiffs assert claims against Allied and other defendants
but Allied denies that Plaintiffs are entitled to the relief requested in the Complaint.
To the extent this unnumbered Paragraph contains any other allegations which
require a response, Allied denies.

## **Overview of action**

1.      Allied is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint
and therefore denies the same.

2.      Allied is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint
and therefore denies the same. By way of further answer, Allied is without
information sufficient to form a belief as to the truth or accuracy of Plaintiffs' use
and definition of the phrase "Underlying Lawsuits" and therefore denies that
Plaintiffs' use and definition of "Underlying Lawsuits" throughout the entirety of
Plaintiffs' Complaint is accurate or correct.

3.      Allied admits that it issued insurance policies to Plaintiff Pacific Shore
Stones, LCC in place between at least April 14, 2009 to April 14, 2012. The insurance
policies issued by Allied afford coverage pursuant to their terms and conditions and
not otherwise. As to all other allegations contained in Paragraph 3 of Plaintiffs'
Complaint, Allied is without knowledge or information sufficient to form a belief as
to the truth of the allegations and therefore denies the same.

4.      Allied admits that disputes have arisen between Allied and Plaintiff Pacific Shore Stones, LCC, including but not limited to the scope of insurance coverage afforded by the insurance policies issued by Allied related to the claims asserted against Plaintiff(s) in the Underlying Lawsuits and the scope and number of insurance policies issued by Allied to Plaintiff Pacific Shore Stones, LCC. As to all other allegations contained in Paragraph 4 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

5.      Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiffs' Complaint and therefore denies the same. By way of further answer, Allied denies that Plaintiffs are entitled to the relief requested in Paragraph 5.

## **PARTIES**

6.      On information and belief, Allied admits.

7.      On information and belief, Allied admits.

8.      On information and belief, Allied admits.

9.      Allied admits it is an entity organized and existing under the laws of the State of Iowa, with its principal place of business in Iowa. As to all other factual allegations and legal conclusions contained in Paragraph 9 of Plaintiffs' Complaint, Allied denies.

10.      Allied admits Charter Oak Fire Insurance Company is a Connecticut corporation with its principle place of business in Hartford, Connecticut. As to all other allegations contained in Paragraph 10 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

11.      Allied admits Continental Insurance Company is a Pennsylvania corporation with its principle place of business in Chicago, Illinois. As to all other allegations contained in Paragraph 11 of Plaintiffs' Complaint, Allied is without

knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

12.    Allied admits Great West Casualty Company is a Nebraska corporation with its principle place of business in South Sioux City, Nebraska. As to all other allegations contained in Paragraph 12 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

13.    Allied admits Hanover Insurance Company is a New Hampshire corporation with its principle place of business in Worchester, Massachusetts. As to all other allegations contained in Paragraph 13 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

14.    Allied admits Massachusetts Bay Insurance Company is a New Hampshire corporation with its principle place of business in Worchester, Massachusetts. As to all other allegations contained in Paragraph 14 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

15.    Allied admits Travelers Indemnity Company of America is a Connecticut corporation with its principle place of business in Hartford, Connecticut. As to all other allegations contained in Paragraph 15 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

16.    Allied admits Travelers Indemnity Company of Connecticut is a Connecticut corporation with its principle place of business in Hartford, Connecticut. As to all other allegations contained in Paragraph 16 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

///

ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY'S
ANSWER TO PLAINTIFFS' COMPLAINT

17.    Allied admits Travelers Property Casualty Company of America is a Connecticut corporation with its principle place of business in Hartford, Connecticut. As to all other allegations contained in Paragraph 17 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

18.    Allied admits Valley Forge Insurance Company is a Pennsylvania corporation with its principle place of business in Chicago, Illinois. As to all other allegations contained in Paragraph 18 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

19.    Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiffs' Complaint and therefore denies the same.

20.    Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiffs' Complaint and therefore denies the same.

## JURISDICTION AND VENUE

21.    Allied admits that the United States District Court for the Central District of California has jurisdiction over the parties and subject matter of this action and that the Central Division is the proper venue.

22.    Paragraph 22 of Plaintiffs' Complaint states a legal conclusion to which no response is required. By way of further answer, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiffs' Complaint and therefore denies the same.

23.    Paragraph 23 of Plaintiffs' Complaint states a legal conclusion to which no response is required. By way of further answer, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiffs' Complaint and therefore denies the same. By way of

1   further answer, Allied admits the United States District Court for the Central District
2   of California Court has personal jurisdiction over Allied.

3       24.    Paragraph 24 of Plaintiffs' Complaint states a legal conclusion to which
4   no response is required. By way of further answer, Allied is without knowledge or
5   information sufficient to form a belief as to the truth of the allegations contained in
6   Paragraph 24 of Plaintiffs' Complaint and therefore denies the same. By way of
7   further answer, Allied admits that venue is proper in the United States District Court
8   for the Central District of California Court.

9                              **FACTUAL BACKGROUND**

10  **I.    The Underlying Lawsuits**

11      25.    The allegations in the Underlying Lawsuits speak for themselves and
12  not otherwise. As to all other allegations in Paragraph 25 of Plaintiffs' Complaint,
13  Allied is without knowledge or information sufficient to form a belief as to the truth
14  of the allegations and therefore denies.

15      26.    The form of, and allegations in, the litigation referenced in Paragraph
16  26 of Plaintiffs' Complaint speak for themselves and not otherwise. As to all other
17  allegations in Paragraph 26 of Plaintiffs' Complaint, Allied is without knowledge or
18  information sufficient to form a belief as to the truth of the allegations and therefore
19  denies.

20      27.    The allegations in the Underlying Lawsuits speak for themselves and
21  not otherwise. As to all other allegations in Paragraph 27 of Plaintiffs' Complaint,
22  Allied is without knowledge or information sufficient to form a belief as to the truth
23  of the allegations and therefore denies.

24      28.    The parties, case numbers, courts and counties of the lawsuits
25  comprising the term "Underlying Lawsuits," as used in Plaintiffs' Complaint, speak
26  for themselves and not otherwise. As to all other allegations in Paragraph 28 of
27  Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form
28  a belief as to the truth of the allegations and therefore denies.

ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY'S
ANSWER TO PLAINTIFFS' COMPLAINT

29.     Paragraph 29 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required. As to all other allegations in Paragraph 29 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies.

## II.     The Policies

30.     Allied admits that it issued insurance policies to Plaintiff Pacific Shore Stones, LCC in place between at least April 14, 2009 to April 14, 2012. The insurance policies issued by Allied afford coverage pursuant to their terms and conditions and not otherwise. By way of further answer to Paragraph 30 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies.

31.     Paragraph 31 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required. By way of further answer to Paragraph 31 of Plaintiffs' Complaint, the referenced insurance policies speak for themselves and afford coverage pursuant to their terms and conditions and not otherwise. As to all other allegations in Paragraph 31 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies.

32.     Paragraph 32 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required. By way of further answer to Paragraph 32 of Plaintiffs' Complaint, the referenced insurance policies speak for themselves and afford coverage pursuant to their terms and conditions and not otherwise. As to all other allegations in Paragraph 32 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies.

33.     Paragraph 33 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required. By way of further answer to Paragraph 33 of Plaintiffs' Complaint, the referenced insurance policies speak for themselves and

afford coverage pursuant to their terms and conditions and not otherwise. As to all other allegations in Paragraph 33 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies.

34.    Paragraph 34 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required. By way of further answer to Paragraph 34 of Plaintiffs' Complaint, the referenced insurance policies speak for themselves and afford coverage pursuant to their terms and conditions and not otherwise. As to all other allegations in Paragraph 34 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies.

35.    Allied admits that it issued insurance policies to Plaintiff Pacific Shore Stones, LCC in place between at least April 14, 2009 to April 14, 2012, bearing policy numbers ACP BPWC 7822594307, ACP BPWC 7832594307, and ACP BPWC 7842594307. Allied further admits that it issued insurance policy number ACP BPWC 7852594307 to Plaintiff Pacific Shore Stones, LCC, but this policy was cancelled. By way of further answer to Paragraph 35 of Plaintiffs' Complaint, any insurance policy identified or referred to in Paragraph 35 of Plaintiffs' Complaint speaks for itself and provides coverage pursuant to its terms and conditions and not otherwise. By way of further answer, Paragraph 35 of Plaintiffs' Complaint states legal conclusions which require no response from Allied. As to all other allegations contained in Paragraph 35 of Plaintiffs' Complaint, Allied denies.

36.    Paragraph 36 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required. By way of further answer to Paragraph 36 of Plaintiffs' Complaint, the referenced insurance policies speak for themselves and afford coverage pursuant to their terms and conditions and not otherwise. As to all other allegations in Paragraph 36 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations

and therefore denies.

37. Paragraph 37 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required. By way of further answer to Paragraph 37 of Plaintiffs' Complaint, the referenced insurance policies speak for themselves and afford coverage pursuant to their terms and conditions and not otherwise. As to all other allegations in Paragraph 37 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies.

38. Paragraph 38 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required. By way of further answer to Paragraph 38 of Plaintiffs' Complaint, the referenced insurance policies speak for themselves and afford coverage pursuant to their terms and conditions and not otherwise. As to all other allegations in Paragraph 38 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies.

39. Paragraph 39 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required. By way of further answer to Paragraph 39 of Plaintiffs' Complaint, the referenced insurance policies speak for themselves and afford coverage pursuant to their terms and conditions and not otherwise. As to all other allegations in Paragraph 39 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies.

40. Paragraph 40 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required. By way of further answer to Paragraph 40 of Plaintiffs' Complaint, the referenced insurance policies speak for themselves and afford coverage pursuant to their terms and conditions and not otherwise. As to all other allegations in Paragraph 40 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations

and therefore denies.

41.    Paragraph 41 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required. By way of further answer to Paragraph 41 of Plaintiffs' Complaint, the referenced insurance policies speak for themselves and afford coverage pursuant to their terms and conditions and not otherwise. As to all other allegations in Paragraph 41 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies.

42.    Paragraph 42 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required. By way of further answer to Paragraph 42 of Plaintiffs' Complaint, the referenced insurance policies speak for themselves and afford coverage pursuant to their terms and conditions and not otherwise. As to all other allegations in Paragraph 42 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies.

43.    Paragraph 43 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required. By way of further answer to Paragraph 43 of Plaintiffs' Complaint, the referenced insurance policies speak for themselves and afford coverage pursuant to their terms and conditions and not otherwise. As to all other allegations in Paragraph 43 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies.

44.    Paragraph 44 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required. By way of further answer to Paragraph 44 of Plaintiffs' Complaint, the referenced insurance policies speak for themselves and afford coverage pursuant to their terms and conditions and not otherwise. As to all other allegations in Paragraph 44 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations

and therefore denies.

45.    Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of Plaintiffs' Complaint and therefore denies.

46.    Paragraph 46 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required. By way of further answer to Paragraph 46 of Plaintiffs' Complaint, Allied denies that any insurance policies issued by Allied afford coverage for Plaintiffs' alleged liability. By way of further answer, Allied denies that Allied has waived any rights or is estopped from asserting any legal, equitable or contractual defenses in any manner whatsoever. As to all other allegations in Paragraph 46 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies.

### III.    The Standards Applicable to Handling Insurance Claims

47.    Paragraph 47 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required.

48.    Paragraph 48 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required.

49.    Paragraph 49 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required.

50.    Paragraph 50 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required.

51.    Paragraph 51 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required.

52.    Paragraph 52 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required.

53.    Paragraph 53 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required.

ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY'S
ANSWER TO PLAINTIFFS' COMPLAINT

54.    Paragraph 54 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required. By way of further answer to Paragraph 54 of Plaintiffs' Complaint, Allied denies that it has violated any equitable, legal or contractual standards, duties or obligations owed to Plaintiffs.

## IV.    <u>The Coverage Disputes</u>

55.    Allied admits that it issued insurance policies to Plaintiff Pacific Shore Stones, LCC in place between at least April 14, 2009 to April 14, 2012. By way of further answer to Paragraph 55 of Plaintiffs' Complaint, Allied is searching for other insurance policies it may have issued to one of more of the Plaintiffs, but to date, Allied has not located any such policies.  By way of further answer to Paragraph 55 of Plaintiffs' Complaint, Allied admits there is a dispute between one or more Plaintiffs and Allied as to whether Allied issued policies to one or more Plaintiffs. As to all other allegations contained in Paragraph 55 of Plaintiffs' Complaint, Allied denies.

56.    Paragraph 56 of Plaintiffs' Complaint states legal conclusions which require no response from Allie. By way of further answer to Paragraph 56 of Plaintiffs' Complaint, Allied denies that it is obligated to defend Plaintiffs in the Underlying Lawsuits. As to all other allegations in Paragraph 56 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies.

57.    Paragraph 57 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required. By way of further answer to Paragraph 57 of Plaintiffs' Complaint, the insurance policies referenced in this paragraph speak for themselves and afford coverage pursuant to their terms and conditions and not otherwise. By way of further answer to Paragraph 57 of Plaintiffs' Complaint, Allied denies that it has any obligation to defend or indemnify Plaintiffs in the Underlying Lawsuits or contribute to the settlement of Plaintiffs' alleged or actual liability in the Underlying Lawsuits. As to all other allegations in Paragraph 57 of Plaintiffs'

Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies.

58. Paragraph 58 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required. By way of further answer to Paragraph 58 of Plaintiffs' Complaint, the insurance policies referenced in this paragraph speak for themselves and afford coverage pursuant to their terms and conditions and not otherwise. As to all other allegations in Paragraph 58 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies.

59. Paragraph 59 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required. By way of further answer to Paragraph 59 of Plaintiffs' Complaint, the insurance policies referenced in this paragraph speak for themselves and afford coverage pursuant to their terms and conditions and not otherwise. By way of further answer to Paragraph 59 of Plaintiffs' Complaint, Allied denies that it has any obligation to defend or indemnify Plaintiffs in the Underlying Lawsuits or contribute to the settlement of Plaintiffs' alleged or actual liability in the Underlying Lawsuits.  As to all other allegations in Paragraph 59 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies.

60. Paragraph 60 of Plaintiffs' Complaint poses legal questions to which no response from Allied is required. To the extent Paragraph 60 of Plaintiffs' Complaint requires a response from Allied, Allied denies it owes Plaintiffs any defense or indemnity obligations for the claims asserted against them in the Underlying Lawsuits. By way of further answer, to the extent Paragraph 60 of Plaintiffs' Complaint contains any other allegations which require a response from Allied, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies.

///

ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY'S
ANSWER TO PLAINTIFFS' COMPLAINT

61.    Paragraph 61 of Plaintiffs' Complaint poses legal questions to which no response from Allied is required. To the extent Paragraph 61 of Plaintiffs' Complaint requires a response from Allied, Allied denies it owes Plaintiffs any defense or indemnity obligations for the claims asserted against them in the Underlying Lawsuits. By way of further answer, to the extent Paragraph 61 of Plaintiffs' Complaint contains any other allegations which require a response from Allied, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies.

## FIRST CAUSE OF ACTION
### (Declaratory Relief – Allied Policies)

62.    Paragraph 62 of Plaintiffs' Complaint requires no response from Allied. To the extent the allegations contained in Paragraph 62 of Plaintiffs' Complaint require a response from Allied, Allied repeats and incorporates by reference each and every answer contained in the preceding paragraphs as though fully set forth herein.

63.    Allied admits that it issued insurance policies to Plaintiff Pacific Shore Stones, LCC in place between at least April 14, 2009 to April 14, 2012. By way of further answer to Paragraph 63 of Plaintiffs' Complaint, Allied is searching for other insurance policies it may have issued to one of more of the Plaintiffs, but to date, Allied has not located any such policies.  By way of further answer to Paragraph 63 of Plaintiffs' Complaint, Allied admits there exists a dispute regarding which policies Allied issued to one or more Plaintiffs to this action. As to all other allegations in Paragraph 63 of Plaintiffs' Complaint, Allied denies.

64.    Paragraph 64 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required.

## SECOND CAUSE OF ACTION
### (Declaratory Relief – Duty to Defend)

65.    Paragraph 65 of Plaintiffs' Complaint requires no response from Allied. To the extent the allegations contained in Paragraph 65 of Plaintiffs' Complaint

require a response from Allied, Allied repeats and incorporates by reference each and every answer contained in the preceding paragraphs as though fully set forth herein.

66.    Paragraph 66 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required. By way of further answer to Paragraph 66 of Plaintiffs' Complaint, Allied admits one or more disputes exist between Plaintiffs and the defendants to this action. As to all other allegations in Paragraph 66 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies.

67.    Paragraph 67 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required.

## THIRD CAUSE OF ACTION

### (Declaratory Relief – Duty to Consider Settlement Demands)

68.    Paragraph 68 of Plaintiffs' Complaint requires no response from Allied. To the extent the allegations contained in Paragraph 68 of Plaintiffs' Complaint require a response from Allied, Allied repeats and incorporates by reference each and every answer contained in the preceding paragraphs as though fully set forth herein.

69.    Paragraph 69 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required. By way of further answer, Allied denies it owes Plaintiffs any defense or indemnity obligations arising out of the claims asserted against Plaintiffs in the Underlying Lawsuits. Allied further denies it has any obligation to contribute to a settlement on behalf of any Plaintiffs in one or more of the Underlying Lawsuits. By way of further answer to Paragraph 69 of Plaintiffs' Complaint, Allied admits one or more disputes exist between Plaintiffs and the defendants to this action. As to all other allegations in Paragraph 69 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies.

70.    Paragraph 70 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required.

ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY'S
ANSWER TO PLAINTIFFS' COMPLAINT

## FOURTH CAUSE OF ACTION
### (Declaratory Relief – Alleged Silica-Related Exclusions)

71.     Paragraph 71 of Plaintiffs' Complaint requires no response from Allied. To the extent the allegations contained in Paragraph 71 of Plaintiffs' Complaint require a response from Allied, Allied repeats and incorporates by reference each and every answer contained in the preceding paragraphs as though fully set forth herein.

72.     Paragraph 72 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required.. By way of further answer to Paragraph 72 of Plaintiffs' Complaint, Allied admits one or more disputes exist between Plaintiffs and the defendants to this action.  As to all other allegations in Paragraph 72 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies.

73.     Paragraph 73 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required.

## FIFTH CAUSE OF ACTION

### (Declaratory Relief – Alleged Pollutant or Contaminant Exclusions)

74.     Paragraph 74 of Plaintiffs' Complaint requires no response from Allied. To the extent the allegations contained in Paragraph 74 of Plaintiffs' Complaint require a response from Allied, Allied repeats and incorporates by reference each and every answer contained in the preceding paragraphs as though fully set forth herein.

75.     Paragraph 75 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required. By way of further answer, Allied denies it owes Plaintiffs any defense or indemnity obligations arising out of the claims asserted against Plaintiffs in the Underlying Lawsuits. By way of further answer to Paragraph 75 of Plaintiffs' Complaint, Allied admits one or more disputes exist between Plaintiffs and the defendants to this action. As to all other allegations in Paragraph 75 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to

ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY'S
ANSWER TO PLAINTIFFS' COMPLAINT

form a belief as to the truth of the allegations and therefore denies.

76.    Paragraph 76 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required.

## SIXTH CAUSE OF ACTION
### (Declaratory Relief – Allocation of Defense Costs Between Multiple Triggered Defendants)

77.    Paragraph 77 of Plaintiffs' Complaint requires no response from Allied. To the extent the allegations contained in Paragraph 77 of Plaintiffs' Complaint require a response from Allied, Allied repeats and incorporates by reference each and every answer contained in the preceding paragraphs as though fully set forth herein.

78.    Paragraph 78 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required By way of further answer to Paragraph 78 of Plaintiffs' Complaint, Allied admits one or more disputes exist between Plaintiffs and the defendants to this action.  As to all other allegations in Paragraph 78 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies.

79.    Paragraph 79 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required.

## SEVENTH CAUSE OF ACTION
### (Declaratory Relief – Allocation of Settlements Between Multiple Triggered Defendants)

80.    Paragraph 80 of Plaintiffs' Complaint requires no response from Allied. To the extent the allegations contained in Paragraph 80 of Plaintiffs' Complaint require a response from Allied, Allied repeats and incorporates by reference each and every answer contained in the preceding paragraphs as though fully set forth herein.

81.    Paragraph 81 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required. By way of further answer to Paragraph 81 of Plaintiffs' Complaint, Allied admits one or more disputes exist between Plaintiffs

and the defendants to this action. As to all other allegations in Paragraph 81 of Plaintiffs' Complaint, Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies.

82.    Paragraph 82 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required.

## EIGHTH CAUSE OF ACTION
### (Declaratory Relief – Indemnity Obligations)

83.    Paragraph 83 of Plaintiffs' Complaint requires no response from Allied. To the extent the allegations contained in Paragraph 83 of Plaintiffs' Complaint require a response from Allied, Allied repeats and incorporates by reference each and every answer contained in the preceding paragraphs as though fully set forth herein.

84.    Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of Plaintiffs' Complaint and therefore denies.

85.    Paragraph 85 of Plaintiffs' Complaint states legal conclusions to which no response from Allied is required.

## PRAYER FOR RELIEF

Allied opposes Plaintiffs' prayer for relief and asks that Plaintiffs take nothing from Allied by this action.

## AFFIRMATIVE DEFENSES

Without admitting any facts alleged by Plaintiffs, Allied asserts the below separate and affirmative defenses to the Complaint. In asserting these affirmative defenses, Allied does not admit that it issued any insurance policies to Plaintiffs other than those already identified in Allied's answer to Plaintiffs' Complaint, or that if it is determined that Allied did issue one or more additional insurance policies to one or more Plaintiffs, that such policies afford defense or indemnity obligations.

In asserting these affirmative defenses, Allied does not assume the burden of establishing any fact, issue, or element of a cause of action where such burden

18                                    Case No.: 2:25-cv-04370

properly belongs to Plaintiffs.  All defenses are pled in the alternative and none constitute an admission of liability or that Plaintiffs are entitled to any relief whatsoever.

Allied reserves its rights to assert any additional defenses, cross-claims, or third-party claims and to otherwise supplement, amend, modify, or withdraw its Answer, in whole or in part, as additional information becomes available during discovery or other proceedings in this case.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint, and each and every purported cause of action and/or legal theory alleged therein, fails to state facts sufficient to constitute a cause of action or claim upon which relief can be granted against Allied.

### SECOND AFFIRMATIVE DEFENSE

### (Policy Terms, Exclusions, Conditions and Limitations)

Allied has no obligations to Plaintiffs to the extent coverage is barred based upon the terms, exclusions, conditions and/or limitations contained in any insurance policy actually or potentially issued by Allied (the "Policies").

### THIRD AFFIRMATIVE DEFENSE
### (Non-Covered Entities)

Plaintiffs' claims are barred to the extent Plaintiffs seek recovery on behalf of any entity or entities that are not insured under the Policies.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Allied has no obligations to Plaintiffs to the extent that Plaintiffs have unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches, Waiver and/or Estoppel)

Allied has no obligations to Plaintiffs to the extent that Plaintiffs' claims are barred by the equitable doctrines of laches, waiver and/or estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Allied has no obligations to Plaintiffs to the extent Plaintiffs' claims are barred by any applicable statute of limitation, including, without limitation, California Code of Civil Procedure §§ 337, 338, 339, 340 and 343.

## SEVENTH AFFIRMATIVE DEFENSE
### (Limitation Period)

Allied is not liable for some or all of the losses claimed by Plaintiffs to the extent that Plaintiffs did not file this action within the time period required under certain Policies of insurance under which Plaintiffs purport to sue.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Terms of Policy)

Allied has no obligations to Plaintiffs to the extent Plaintiffs have failed to comply fully with the terms of the Policies.

## NINTH AFFIRMATIVE DEFENSE
### (Limits of Liability)

Allied's obligations to Plaintiffs, if any, are subject to the limits contained in the Policies.

## TENTH AFFIRMATIVE DEFENSE
### (Coverage Trigger)

Allied has no defense or indemnity obligations to Plaintiffs to the extent Plaintiffs do not face liability to pay damages because of unknown "bodily injury" or "property damage" occurring during an applicable period of coverage and caused by an "occurrence", as those terms are defined by the Policies.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Failure to Disclose Material Facts)**

Allied has no obligations to Plaintiffs to the extent Plaintiffs failed to disclose or otherwise misrepresented facts that were material to the risks undertaken by Allied.

### TWELFTH AFFIRMATIVE DEFENSE
**(Mitigation)**

Allied's obligations to Plaintiffs, if any, are limited to the extent Plaintiffs failed to mitigate their damages, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(Other Insurance)**

Plaintiffs' claims are barred, in whole or in part, by application of any "other insurance" provisions in the Policies.

### FOURTEENTH AFFIRMATIVE DEFENSE
**(Allocation; Contribution)**

If and to the extent any other person or entity has any responsibility for payment of the amounts that Plaintiffs claim against Allied, the doctrines of allocation, equitable indemnity, equitable contribution, and/or subrogation require that any recovery against Allied must be reduced accordingly.

### FIFTEENTH AFFIRMATIVE DEFENSE
**(Allocation Among Policy Periods And Policies)**

Any liability (or declaration of liability) of Allied is limited to and must be allocated among those applicable periods of coverage during which the alleged damage and/or injury actually occurred, including an allocation to policies issued by insurers other than Allied.

### SIXTEENTH AFFIRMATIVE DEFENSE
**(No "Occurrence")**

Allied has no obligations to Plaintiffs to the extent that Plaintiffs' underlying liability did not result from an "occurrence" as that term is used in the Policies.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Pollution Exclusion)

There is no coverage under the Policies for any of the underlying claims to the extent that they are barred by a pollution exclusion contained in the Policies.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Expected Or Intended Exclusion)

There is no coverage under the Policies for any insured's liability for damages because of "bodily injury" or "property damage" that was expected or intended by the insured.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Ripeness)

Plaintiffs' requests for declaratory relief are barred, in whole or in part, to the extent the relief sought is not ripe for adjudication and/or no actual controversy relating to the legal rights and duties of the respective parties exists.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Voluntary Payment)

Plaintiffs' claims are barred in whole or in part by the voluntary payments doctrine.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Duty to Cooperate)

Plaintiffs' claims are barred, in whole or in part, to the extent they failed to cooperate with Allied in the claims.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Legal Action Against Us)

Plaintiffs' claims fail to the extent all of the terms of the Policies have not been fully complied with.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
**(Known Loss/Known Risk Doctrine)**

Coverage under the Policies is barred, in whole or in part, by the known loss, and/or known risk doctrines and/or related policy language.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
**(Late Notice)**

Plaintiffs' claims against Allied fail to the extent that the insured failed to timely notify Allied of any claimed loss under the terms of the Policies.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
**(No Pre-Tender Relief)**

Plaintiffs are not entitled to any pre-tender relief of any nature whatsoever under the Policies and applicable law, including fees or costs incurred prior to tender of the underlying lawsuits to Allied.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
**(Spoliation of Evidence)**

Plaintiffs' claims are barred to the extent that Plaintiffs have destroyed evidence, lost evidence, allowed evidence to be lost, suppressed evidence, or failed to preserve evidence.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
**(Unjust Enrichment)**

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs would be unjustly enriched if they were to recover any sum of money.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
**(Consent)**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have consented to the acts, conduct or omissions that Plaintiffs allege caused or contributed to their alleged losses, damages and/or injuries.

ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY'S
ANSWER TO PLAINTIFFS' COMPLAINT

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Failure to Segregate Damages)

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to segregate covered damages from non-covered damages.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' breach of the implied covenant of good faith and fair dealing.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Uninsurable Claims)

Allied owes duty to indemnify, in whole or in part, to the extent any of the underlying lawsuits for which Plaintiffs seek coverage involve claims that are uninsurable under the applicable law, including but not limited to claims for punitive damages, fines, and/or penalties.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (No Assignment)

Plaintiffs' claims are barred, in whole or in part, to the extent the Policies or any rights thereunder have been assigned in contravention of the terms and conditions of the Policies.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Set Off)

To the extent coverage under any Allied insurance policy is proven to exist for Plaintiffs' alleged claims, which is expressly denied, Allied is entitled to offset and recoup against any judgment that may be entered for Plaintiffs or any recoveries Plaintiffs may have already obtained from other sources, including, but not limited to, settlement with other insurers.

ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY'S
ANSWER TO PLAINTIFFS' COMPLAINT

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Incorporation of Defenses)

Allied hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendants such that Allied may share in such defense or defenses.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Other Defenses)

Allied currently has insufficient information upon which to allege the existence of additional, as yet unstated, affirmative defenses. Allied reserves the right to assert additional affirmative defenses based on what is disclosed in discovery.

\*    \*    \*

WHEREFORE, Allied prays for judgment as follows:

1. That Plaintiffs take nothing by the Complaint;

2. That the Complaint be dismissed in its entirety with prejudice;

3. That Plaintiffs be denied each and every demand and prayer for relief contained in the Complaint;

4. For costs of suit incurred herein, including reasonable attorneys' fees; and

5. For such other and further relief as the Court deems just and equitable.


DATED: May 21, 2025                    COZEN O'CONNOR

                                By:    */s Valerie D. Rojas*
                                       Valerie D. Rojas

                                       *Attorney for Defendant Allied Property and*
                                       *Casualty Insurance Company*